## W. L. HOLLOWAY v. STATE.

No. A-5744. Opinion Filed May 7, 1927.
Dissenting Opinion May 11, 1927.
(255 Pac. 1022.)

John A. Goodall, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Adair county on a charge of burglary, and sentenced to serve a term of two years in the state penitentiary.

The first assignment presented in the briefs is that the evidence is insufficient to sustain the verdict. The evidence clearly discloses that the burglary was committed as alleged in the information, and that defendant, at the time of the burglary, removed a considerable portion of the property stolen. A part of it later was found in his possession and in the possession of other parties to whom he had delivered it. He testified that he purchased this property from one of his codefendants, and that he hauled the property away from the place burglarized without knowing that the burglary was committed, but believed that the person from whom he procured it was authorized to sell it to him. This testimony presents a question of fact for the jury. If the theory of the state is true,

defendant participated in the burglary, and is clearly guilty. If the theory of the defendant is true, he is not guilty of any offense, and should be acquitted. This court has uniformly held that questions of fact are for the determination of the jury, and, where there is evidence from which the jury may reasonably and logically find the guilt of an accused, this court will not set aside the verdict for insufficiency.

The other assignment is that the trial court erred in overruling defendant's application for a continuance on the ground that his attorney of record was a member of the Legislature then in session. This case was tried in the early part of March, 1925. On March 12, 1923, the information had been filed, about two years prior to the trial, and various continuances had been taken by defendant. From the time that defendant first appeared in court until the latter part of February, 1925, he had been represented by Judge E. B. Arnold, a reputable attorney. On the last Thursday in February preceding his trial in the first days of March defendant testified that he dispensed with the services of Judge Arnold, and that he then employed Hon. John A. Goodall as his attorney. On February 28th a motion for continuance was filed, which, omitting the formal parts, is as follows:

"Comes now the above-named defendant, W. L. Holloway, and moves that the above and foregoing case be continued over the term, for the reason that his counsel, John A. Goodall, is a member of the state Senate of the state of Oklahoma, in attendance on the session of said Senate, and that said cause cannot be tried at said term on that account.

"Wherefore defendant moves that said cause be continued over the term.

"John A. Goodall, Attorney for Defendant."

At the time this. application was presented, and in support of it defendant testified:

" * * * Q. And you have had E. B. Arnold employed and your case had been continued upon your instance for two years? A. I guess it has. Q. And John A. Goodall told you at the time you employed him that he was in the Legislature, and you would be entitled to a continuance, did he? A. He said he could not be here for the trial, and that he would file a motion for continuance. Q. You understood he was to file a motion for continuance? A. Yes, sir. Q. On the ground he was in the Legislature? A. Well, he said he could not be here for the case, and he would file a motion for continuance. * * *"

This application for continuance was overruled, and defendant was given one day to procure counsel. He procured Hon. R. Y. Nance as his attorney, who conducted his defense.

We take judicial notice that the Legislature of the state of Oklahoma convened in regular session on the 6th day of January, 1925, and concluded its session on the 28th day of March, 1925, and that Hon. John A. Goodall was a member of the Senate. In determining whether or not the court erred in overruling the application for continuance, it is necessary that we determine the scope and application of section 583, Comp. St. 1921, the pertinent part of which reads:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within ten days after an adjournment of a session of the Legislature, such facts shall contitute cause for continuance, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right. * * *"

It will be observed that, at the time Senator Goodall

was employed, the Legislature was in session, and had been in session some weeks. Defendant knew at the time he employed Mr. Goodall that he was a member of the Legislature; knew that he could not be present at the trial of his case; and was then informed that his counsel would apply for a continuance for him.

The purpose of this statute was, no doubt, to encourage members of the bar to become candidates for the lawmaking body, of the state, and to protect a defendant whose attorney, presumably familiar with his case, could not attend his trial by reason of official duty, and to protect members in their business while serving the state in this capacity by preventing trials of cases where they are attorneys of record during a session of the Legislature and for ten days thereafter; that during this time they should not be disturbed in their duties as lawmakers. The privilege of a continuance as a matter of right applies only to a defendant whose attorney of record is a member of the Legislature. A member of the Legislature, during a session of the Legislature, also has the right to contract for any new business presented to him, and, if such business arises during a session of the Legislature, and he is employed, he would then be entitled to the benefits conferred by this statute. But, where an accused against whom a prosecution is pending prior to the convening of the Legislature, and who prior to such time has employed counsel as his attorney of record, he may not during a legislative session, by employing a member of the Legislature, procure a continuance on that ground as a matter of right. To give the statute the construction here contended for would put it in the power of every defendant at his pleasure to continue his case during a session of the Legislature. This we think is contrary to the spirit and meaning of the act in question.

Under the facts presented in this case defendant's application did not entitle him to a continuance as a matter of right, but such application was addressed to the sound discretion of the trial judge, and, no abuse of such discretion being apparent, the overruling of such application is not error.

The case is affirmed.

DOYLE, P. J., concurring.

DAVENPORT, J. (dissenting). I cannot concur in the view of the majority of the court upon the interpretation placed upon that part of section 583 of the Compiled Statutes of Oklahoma 1921 material to this case, relating to motions for continuance, which is as follows:

"Provided, that if the party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within ten days after an adjournment of a session of the Legislature, such facts shall constitute cause for continuance, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right."

Prior to the adoption of that part of section 583 hereinabove set out a motion for continuance was addressed to the sound discretion of the trial court. Under the provisions of this statute the only thing that is necessary to be shown by the defendant is that his attorney is a member of the Legislature or of the Senate sitting as a court of impeachment, and that the Legislature is in session at the time the motion for continuance is filed.

The majority of the court bases its opinion on the fact that Senator Goodall was not hired as an attorney for the defendant until the Legislature had convened. The question to be determined is, Did the defendant

bring himself within the language of the statute? If he did, his motion should have been sustained.

My interpretation of the statute is that, if an attorney has been employed by the defendant, who is a member of the Legislature or Senate sitting as a court of impeachment, even though the employment was only a short while previous to the time of filing the motion, and after the convening of the Legislature, the defendant is entitled to a continuance as a matter of right.

The question to be determined is, What was the intent of the Legislature at the time it passed the statute in question? If it intended, in writing the statute as it did, that, when a motion for continuance was filed, showing the facts stated in the defendant's motion, the defendant was entitled to a continuance as a matter of right, then the motion of the defendant in this case should have been sustained and a continuance granted.

I can readily see where the provision of the statute may be abused in cases pending in the courts by the defendant hiring members of the Legislature, and thereby causing cases to be continued, but, on the other hand, I can readily see the benefit of the statute to attorneys and litigants throughout the state. No statute can be written that may not be abused; yet, when it is written in language plain and unambiguous, and as easy to understand as that part of the section involved, I am constrained to hold and construe the section as being mandatory, and I hold it is immaterial as to when the attorney was employed by the defendant, if he is the attorney of the defendant when the motion is filed. Based upon the allegations set forth in the motion for continuance, it is the duty of the court as a matter of right to grant a continuance. If the statute is too broad, then it is the duty of the Legislature to correct it.

The trial court erred in overruling the motion of

the defendant for continuance on the ground stated in the motion, and the defendant is entitled to a reversal of this case as a matter of right.