## OP. JOHNSON et al. v. STATE.

No. A-6951. Opinion Filed Dec. 21, 1929.
(283 Pac. 590.)

C. H. Wyand, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Woodward county on a charge of setting up a still, and

their punishment fixed at a fine of $200 and confinement in the county jail for 60 days for each of them.

The defendants set out numerous grounds of error, but it is only necessary for this court to consider one question for the purpose of determining the issues of the case. The facts in the case appear to be that the defendants were charged with this offense on the 20th day of November, 1927, and that within one week thereafter defendants employed Hon. E. W. Snoddy, who was a duly elected and qualified member of the Legislature of the state of Oklahoma, as their counsel in the case; that said cause was set for trial on the 15th day of December, 1927; and that at such time the Legislature of the state of Oklahoma was in session, and the said E. W. Snoddy was in attendance thereon as a member of such Legislature. On the 14th day of December, 1927, the defendants filed their duly verified motion for a continuance upon the ground of absence of their counsel in attendance upon his duties as a member of the Legislature, which was then in session. Attached to and forming part of the motion for the continuance was a telegram from E. W. Snoddy advising defendants and the court that because of his attendance upon the Legislature it would be impossible for him to be present and make the defense in the case. On the 15th day of November, 1927, the trial court overruled this motion for a continuance, and the defendants were forced to go to trial over their protest in the absence of their counsel. Each of the defendants assigned the overruling of this motion for a continuance as error and earnestly contend that a new trial should be granted on account of such error.

In determining whether or not the court erred in overruling the application for a continuance it is necessary

that we determine the scope and application of section 583, C. O. S. 1921, the pertinent part of which reads:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within ten days after an adjournment of a session of the Legislature, such facts shall constitute cause for continuance, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right."

Under the provisions of this section it is mandatory upon the court to grant a continuance when it was made to appear to the court by proper affidavit that defendants had employed Snoddy prior to the convening of the Legislature, and that at the time set for the trial of said cause the said Snoddy was in attendance upon a session of the Legislature then being held at the place provided by law for the holding of the sessions of the Legislature. The affidavit for the continuance containing all the necessary allegations showing the employment of Snoddy and his absence in attendance upon a session of the Legislature, it was reversible error for the trial court to overrule such application.

There is a distinction between the case at bar and the case of Holloway v. State, 37 Okla. Cr. 24, 255 Pac. 1022, and Otey v. State, 39 Okla. Cr. 61, 263 Pac. 155, in this: That in those cases the defendant had other counsel and did not employ a member of the Legislature as his counsel until after the Legislature had convened and the case had been set for trial.

In the case of Holloway v. State, supra, this court said:

"Where, prior to the convening of a session of the Legislature, a prosecution is pending against a defendant, and he has an attorney of record, his employment of a member of the Legislature as his attorney during the session of the Legislature does not entitle him, as a matter of right, to a continuance during the session of the Legislature."

This rule is followed in the Otey Case, supra. But the facts appearing in the record in the case at bar are exactly opposite to the facts in the Holloway and Otey Cases, supra. Here the defendants employed their counsel almost immediately after their arrest, and the Legislature was in session at the time the case was called for trial, and the defendants did make a duly verified showing that counsel actually was in attendance upon a session of the Legislature at the time of the trial.

In the case of Holloway v. State, supra, in an opinion by Judge Edwards construing section 583, C. O. S. 1921, this court said:

"The purpose of this statute was, no doubt, to encourage members of the bar to become candidates for the lawmaking body of the state, and to protect a defendant whose attorney, presumably familiar with his case, could not attend his trial by reason of official duty, and to protect members in their business while serving the state in this capacity by preventing trials of cases where they are attorneys of record during the session of the Legislature and for ten days thereafter; that during this time they should not be disturbed in their duties as lawmakers. The privilege of a continuance as a matter of right applies only to a defendant whose attorney of record is a member of the Legislature. A member of the Legislature, during a session of the Legislature, also has the right to contract for any new business presented to him, and, if such business arises during a session of the Legislature, and he is employed, he would then be entitled to the benefits conferred by this statute. But, where an

accused against whom a prosecution is pending prior to the convening of the Legislature, and who prior to such time has employed counsel as his attorney of record, he may not during a legislative session, by employing a member of the Legislature, procure a continuance on that ground as a matter of right. To give the statute the construction here contended for would put it in the power of every defendant at his pleasure to continue his case during a session of the Legislature. This we think is contrary to the spirit and meaning of the act in question."

Upon the facts presented in this case which are undisputed by the state, defendants' application would entitle them to a continuance as a matter of law, and it was reversible error for the trial court to refuse such continuance. The defendants raise other questions, but it is unnecessary to pass upon them at this time. For the reasons stated the cause is reversed and remanded, with directions to proceed with the trial of the case in accordance with this opinion.

EDWARDS, P. J., and DAVENPORT, J., concur.