### TOM GILROY v. STATE.

No. A—9358. June 10, 1938.
(80 P. 2d 602.)

W. T. Anglin, of Holdenville, and Leon C. Phillips, of Okemah, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and L. A. Wallace, Co. Atty., of Okmulgee, for the State.

BAREFOOT, J.   The defendant was charged by information in Okmulgee county with the crime of larceny of domestic animals, was tried, convicted and sentenced to serve a term of 10 years in the penitentiary, and has appealed.

The only assignment of error is that the court refused to grant a continuance of the trial of this defendant.   Is is strongly urged that the court erred in refusing to grant a continuance by reason of the absence of attorneys who represented defendant, and that the court erred in refusing to grant a new trial after defendant was convicted.

The facts, as revealed by the record, upon which this contention is based are as follows:   A complaint was filed against the defendant in a justice of the peace court of Okmulgee county, on the 27th day of November, 1936.   He was arrested and arraigned on December 17, 1936, was bound over to the district court, and on the 11th day of January, 1937, his case was transferred to the Henryetta Division of the superior court of Okmulgee county.   On this date he was arraigned, entered a plea of not guilty and the court entered an order setting his case for trial on

Tuesday, February 16, 1937. The record which has reference to the motions for continuance filed, the proceedings, statements of attorneys, and the court when the motion for new trial was presented, are so voluminous that it would be unwise to attempt to quote them in this opinion. Not only the affidavit filed but the statements of the attorneys will be considered for the reason that when the statements were made the attorneys asked that they be sworn, and the court and county attorney agreed that the statements made could be considered as the sworn evidence of each without the necessity of an oath.

On the 13th day of February, 1937, three days before the case was set for trial, a motion for continuance was filed for the reason "that Leon C. Phillips, attorney of record for said defendant, Tom Gilroy, is serving as a member of the Legislature of the state of Oklahoma, now in session". This motion was presented to the court on February 15, 1937, by Mr. Long, an attorney from Mr. Phillips' office, who appeared specially for the purpose of presenting the motion, and who stated to the court that he was not attorney in the case, and that the defendant had employed Mr. Phillips personally to represent him. Evidence in support of this motion was taken. The defendant was sworn and testified that his attorneys were Leon C. Phillips, of Okemah, and Tom Anglin, of Holdenville. That he employed them a week after he got into this trouble. That his wife was one of the claimants of the Jackson Barnett estate pending in the federal court, and that both Mr. Phillips and Mr. Anglin were attorneys for them in that case, and had been for a long time. That he had "paid Mr. Phillips some fee in the case and had made arrangements with him to take care of it". That his employment of Tom Anglin was with him personally and not the firm of Anglin & Stevenson. That he had tried to contact Mr. Anglin when he learned his case was set for trial and that Mr. Anglin was sick in bed with the flu and they would not let him talk with him. That Mr. Anglin sent word for him to try and get in contact with

his other attorney, Mr. Phillips. While he was on the witness stand with reference to the motion for continuance the county attorney, on cross-examination, propounded this question:

"Q. Now, Tommie, you are charged with having stolen a mule in this particular case, is that right? A. Yes, sir, that is the charge. Q. And you stole this mule sometime in October, 1936, is that correct? A. I couldn't tell you whether that is correct or not."

He also testified that an attorney of the Okmulgee county bar, Mr. Helm, appeared for him at his preliminary examination, and that he had since been appointed assistant county attorney and had withdrawn from his case. That when he was arraigned he told the court that he was represented by Anglin & Stevenson, but that he had reference to Mr. Anglin. That he did not mention that Leon C. Phillips represented him at that time. That he had paid Mr. Phillips after he was arraigned on the 11th day of January, 1937. He was then questioned by the county attorney, in the presence of the jury, as to his having three felony cases pending against him in Okfuskee county, and two in Okmulgee county. He also was asked:

"Q. Now, since you were arraigned on January 11th, here in this court, you have been arrested on another felony charge?"

An objection to this question was sustained but the jury was present and heard the question asked. The county attorney then stated:

"I want to show that this man has five felony charges pending in these two counties, and never at any time did he state he was represented by Leon C. Phillips, and Mr. Phillips never appeared for him at any time."

At this time, Mr. Long, who was appearing for Mr. Phillips, asked for permission to amend his motion for continuance to "cover the ground that Mr. Anglin is unable to attend this trial on account of illness", stating at the

time that he would get a doctor's certificate. The county attorney stated:

"If Mr. Anglin's office will send up a certificate and affidavit from Mr. Anglin that he represents this man, and is sick we will consider that as part of the motion, but that is not included in this motion. The Court: Yes, I permit you to amend the motion."

The court further stated:

"It is not the intention of this court to place any defendant upon trial, upon a showing in good faith, that his attorney is a member of the Legislature, or that his counsel is ill.

"The court is not satisfied by the showing made by the defendant in this matter, and places the following requirements upon him:

"That he obtain an affidavit from Leon C. Phillips that the defendant employed said attorney on or about the first of December, 1936, and had paid him a fee as counsel in this case; that said employment is in good faith, and but for the fact that the Legislature is in session, said Leon C. Phillips would be ready to represent this man in the trial of his case.

"The court further requires that the defendant obtain an affidavit from Tom Anglin stating that he was employed as counsel in this case on or about the first of December, 1936, and that he has been paid a fee in this case; that he is now ill and unable to attend court; that his employment was in good faith, and but for the fact he is ill, he would be here representing the defendant in this cause.

"Upon failure of the defendant to obtain said evidence as outlined here, said cause will stand for trial on Wednesday morning, February 17".

On February 16, 1937, an affidavit for continuance was filed, and on February 17, 1937, a doctor's certificate was filed. These instruments were as follows:

"W. T. Anglin, of lawful age, being first duly sworn on oath, deposes and says: That he is the attorney for Tom Gilroy's wife in the Jackson Barnett estate; that when the

above case was filed against Tom Gilroy his client, Tom Gilroy's wife talked to this affiant about representing him in said suit; that this affiant suggested that she employ Leon C. Phillips, of Okemah, Okla., and that he would advise with Mr. Phillips in the case; that Leon C. Phillips was employed to represent Tom Gilroy; that the employment was in good faith; that said Leon C. Phillips is now in attendance of the regular session of the Oklahoma Legislature at Oklahoma City, Okla., and cannot be in attendance of the trial; that this affiant is now and has been for about a week confined to his bed with the flu; that his partner is also sick with the flu and has been in bed for the past two days, and it is impossible for either this affiant, or his partner to be in attendance at the trial; and Leon C. Phillips being employed for the purpose of looking after the case personally cannot be in attendance at the trial because he is in attendance of the Legislature.

"Wherefore, affiant respectfully petitions the court to continue said cause for the term, or until some future date.

"Signed: Tom Anglin."


"Holdenville Clinic

"Holdenville, Oklahoma

"Service of
"Dr. W. E. Floyd
"Surgeon

"To Whom This May Concern:

"This is to certify that Hon. Tom Anglin is and has been confined to his home in bed with influenza for a week and is now in no condition, mentally or physically, to try a lawsuit.

"Respectfully,

"W. E. Floyd, M. D."


On the same date a motion and affidavit was filed by Leon C. Phillips. It was as follows:

"Leon C. Phillips, of lawful age, being first duly sworn says:

"That he is one of the attorneys for Tom Gilroy; that he was employed prior to the setting of this docket and many weeks ago by Tom Gilroy and his wife to represent him in all the matters then pending in all courts; that affiant is to be paid pursuant to the contract of employment out of funds recovered for the wife of Tom Gilroy, who is a claimant to a part of the estate of Jackson Barnett. That affiant is a member of the Legislature, and is now engaged in active duty in the session of the Oklahoma Legislature, and is unable to be present at the trial of this cause and has not been able to prepare for trial. That this affidavit is made in good faith; that the employment was taken in good faith and the obligation of attorney was agreed to be performed without any reference to the setting of the cause for trial, and the application for continuance is not made to hinder, vex or delay, but in order that justice may be done.

"Further affiant saith not.

"Signed: Leon C. Phillips."

On February 18, 1937, when said cause was called for trial the defendant, Tom Gilroy, filed an additional motion and affidavit for continuance which covered the facts set forth in the motions and affidavits heretofore quoted, and in which it is stated:

"That if this defendant is forced to go to trial at this time he will be deprived of a fair and impartial trial and his constitutional and statutory rights to be represented by counsel of his choice. That the employment of said attorneys by this defendant was entirely in good faith, and this application for continuance is not made to hinder, vex or delay, but in order that justice may be done.

"Wherefore, this defendant prays the court to continue the trial of this case until such time as his said attorneys, or either of them can be present and represent him as counsel in his defense of this case.

"Dated this 16th day of February, 1937.

"Signed: Tom (Thomas) Gilroy."

The court, after a consideration of the motion for continuance, announced: "Motion overruled. Exception allowed defendant."

The defendant in person then made the following statement:

"I would like to have something taken down. (To the Reporter) I want you to take down, please: (Reading from paper) I want to file this motion and continue this case, and ask the court to continue this trial, because I am not prepared to go to trial, because my attorney is unable to appear or be here."

The court made a lengthy statement reviewing the different steps and proceedings of the motion for a continuance, and at the end of the statement, after a conference with the county attorney, the following proceedings were had:

"By the Court: Let the record show that Mr. G. L. Bynum, of the Henryetta Bar, is appointed by the court to defend this defendant in the trial of this case.

"By the Defendant: Your Honor, I have an attorney employed to defend me. I dont care to have anybody appointed to defend me, or help my attorneys, or talk with my attorneys. My attorneys have got the case in charge. Never talked to Mr. Bynum about this case, or any other attorney, and I object to Mr. Bynum or anybody else being appointed to defend me in this trial.

"The Court: Mr. Bynum is appointed to defend this man.

"The Defendant: Objection—I don't want an attorney appointed.

"By Mr. Bynum: Does the court insist that I defend him?

"The Court: You are appointed. Mr. Wallace, I would suggest, in view of the defendant's statement, and in view of the fact that the court at this time has appointed Mr. Bynum to defend this man, this defendant, the court will give Mr. Bynum a chance to look into this matter and get prepared

to defend this defendant. We have other cases to try. This case will be reached on call."

The case was called for trial on the same afternoon at 3:30 p. m. The jury which had been present and heard the proceedings with reference to the motion for continuance were empanelled and defendant was placed on trial without the presence of either of his counsel to represent him. The defendant was convicted and given the maximum punishment of 10 years in the penitentiary. A motion for new trial was filed February 20, 1937, by his attorneys, Leon C. Phillips and Tom Anglin. This motion for new trial was presented to the court on February 24, 1937. In addition to the petition for rehearing, statements were made into the record by Mr. Anglin and Mr. Phillips, and by the court and the county attorney. It was agreed, and so stated into the record by the court, that the statements were to be considered as sworn testimony of each of the parties. These statements and the evidence taken, reviewed in a careful way the different proceedings had by each of the parties from the time of the arrest of the defendant to the time of his trial and conviction. A great deal of it was a reiteration of the proceedings on the motion for continuance which has been heretofore stated. From the statements made, and the court would take judicial knowledge thereof, the special session of the Legislature, and of which the Hon. Leon C. Phillips was a member, convened on the 24th day of November, 1936, and the regular session convened on the 5th day of January, 1937, and was in session at the time of the trial of this defendant on February 18, 1937. The information in this case was filed against the defendant on the 27th day of November, 1936. The special session of the Legislature was convened on the 24th day of November, 1936. It is, therefore, contended by the state that the Legislature being in session at the time the charge was filed against the defendant it would have been impossible for Mr. Phillips to have been employed "prior to the convening of the Legislature", and that under the decision in the case

of Holloway v. State, 37 Okla. Cr. 24, 255 P. 1022, construing section 396, Okla. Stats. 1931 (Okla. St. Ann. Tit. 12, sec. 667), Mr. Phillips not having been employed prior to the convening of the Legislature, it was not error for the court to refuse a continuance under the statute, as a matter of right. We have carefully examined the case of Holloway v. State, supra, and we approve of the law therein announced. The facts in that case, however, are somewhat different from the facts in the case at bar. In that case the information against the defendant had been filed on March 12, 1923. His case was tried in the early part of March, 1925, a two years' delay. From the time he was charged until the latter part of February, 1925, just before he was tried he was represented by Judge E. B. Arnold, a reputable attorney, and on the last Thursday in February, preceding this trial in the first days of March, he dispensed with the services of Judge Arnold and employed the Hon. John Goodall, a Senator, as his attorney. The Senate was in session at the time of his employment, and had been since the 6th day of January, 1925. The defendant knew that he was in the Senate and was informed that he could not be present at the trial, and was informed that a motion for continuance would be filed. Under the above facts the court held that under the statute defendant was not entitled to a continuance as a matter of right. The court said (page 28):

"The purpose of this statute was, no doubt, to encourage members of the bar to become candidates for the lawmaking body of the state, and to protect a defendant whose attorney, presumably familiar with his case, could not attend his trial by reason of official duty, and to protect members in their business while serving the state in this capacity by preventing trials of cases where they are attorneys of record during a session of the Legislature and for ten days thereafter; that during this time they should not be disturbed in their duties as lawmakers. The privilege of a continuance as a matter of right applies only to a defendant whose attorney of record is a member of the Legislature. A member of the Legislature, during a session of the Legis-

lature, also has the right to contract for any new business presented to him, and, if such business arises during a session of the Legislature, and he is employed, he would then be entitled to the benefits conferred by this statute. But, where an accused against whom a prosecution is pending prior to the convening of the Legislature, and who prior to such time has employed counsel as his attorney of record, he may not during a legislative session, by employing a member of the Legislature, procure a continuance on that ground as a matter of right. To give the statute the construction here contended for would put it in the power of every defendant at his pleasure to continue his case during a session of the Legislature. This we think is contrary to the spirit and meaning of the act in question.

"Under the facts presented in this case defendant's application did not entitle him to a continuance as a matter of right, but such application was addressed to the sound discretion of the trial judge, and, no abuse of such discretion being apparent, the overruling of such application is not error."

Under the facts in the case at bar, the defendant was arrested on the 27th day of November, 1936, just three days subsequent to the convening of the Legislature. Mr. Phillips had been the attorney of defendant in other important litigation, and had been associated with Mr. Anglin in this litigation for a period of two years. The defendant had other cases pending and Mr. Phillips was one of his regular retained attorneys. This case was not tried after over two years of delays as in the Holloway Case, but was tried in less than 90 days from the time of the filing of the charges. The record discloses that immediately after the charges were filed against the defendant, he consulted and employed Mr. Anglin. That Mr. Anglin advised him to secure the services of Mr. Phillips also who was associated with him in the other litigation of defendant and his wife. That he made a payment of a part of the fee and made satisfactory arrangements for the balance. That defendant had no knowledge that Mr. Phillips was in the Legislature when he first sought to employ him at the suggestion of Mr. Anglin.

There is a very grave doubt in our minds that when the law as announced by Judge Edwards in the Holloway Case is applied to the facts in the case at bar, it would not be in support of this proposition that the court erred in granting a continuance as a matter of right, and certainly under the facts of this case that it was an abuse of discretion to refuse a continuance under all the facts in the case. It was stated in the Holloway Case that the purpose of the statute was to' encourage members of the bar to become candidates for the lawmaking body of the state, and to protect the members in their business while attendant upon its sessions. Yet under the construction contended for by the state, he would be denied that protection because his regular and valuable client was arrested three days after the convening of the Legislature, he would be deprived of representing him because his duties as a member of the Legislature deprived him of the right, and he would thus in all probability lose his client. Such a construction would make the statute a burden rather than a help as it was evidently intended. By the statement in the Holloway Case, "A member of the Legislature, during a session of the Legislature, also has the right to contract for any new business presented to him, and, if such business arises during a session of the Legislature, and he is employed, he would then be entitled to the benefits conferred by this statute", it seems to us it was intended to give the member of the Legislature the protection asked for in this case. And especially is this true where the employment was had at a special session, and the case was not called for trial until after the same had adjourned, and the regular session had convened. We adhere to the law as announced in the Holloway Case, because we do not think a defendant should be permitted to secure a delay of his trial by employing a member of the Legislature as his attorney after the Legislature is in session and thus secure a continuance, but this application should, as announced in that decision, be addressed to the sound discretion of the trial

judge, and this discretion, taking into consideration all of the facts in the case, should not be abused.

But notwithstanding the question as to whether the court erred in not continuing this case as a matter of right because of the absence of Leon C. Phillips, one of his attorneys, we are of the opinion there was a clear abuse of discretion in refusing to grant the continuance of this case by reason of the motion for continuance by reason of the sickness of his attorney, Tom Anglin. The record clearly shows that Mr. Anglin had been the attorney of the defendant for a number of years. That he was representing him and his wife in important litigation in the federal court, where the wife was contending she was one of the heirs of the Jackson Barnett estate. That when he was first arrested he consulted him, and brought part of the fee to his office, and made arrangements to pay the balance out of litigation which he had for him. That he had personally attended to his business and that his partner Mr. Stevenson had never attended to any business of defendant. That prior to the calling of the case for trial, and on the 8th day of February, 1937, he was stricken with the flu. That it was impossible for him to be at his office, or to transact any business. That he was taken from his home in Holdenville to St. Anthony's Hospital in Oklahoma City, and was there at the time of the trial. A doctor's certificate, of a reputable physician, Dr. W. E. Floyd, was presented, which was dated February 15, 1937, and stated that he was confined to his home in bed with influenza for a week, and was in no condition, mentally or physically, to try a law suit. While the affidavit for continuance filed by Mr. Anglin on the 16th day of February, and upon the construction of which the court refused to grant a continuance may not have been as full as it should have been, it clearly showed that Mr. Anglin considered that he had been employed as an attorney. It was dictated at a time he was in bed sick, according to the doctor's certificate, and by someone other than himself. When taken in connection with his sworn statement at the

time of the presentation of the motion for a new trial, there can be no question of his being employed to represent the defendant in this case.

This case was tried by counsel appointed by the court and over the objection of the defendant. No witnesses had been subpoenaed in his behalf and he did not take the witness stand as he had a right not to do. His attorneys, in their statements to the court, when the motion for new trial was presented, stated that defendant had a defense which was not presented because of their absence. We, of course, do not know as to that. The defendant was given the maximum punishment by the jury. The county attorney, at the time the motion for new trial was being considered, stated:

"Mr. Phillips filed an application for continuance, it is true not as specific as the statement he makes today. If he had made that positive affidavit before the court passed upon the motion for continuance I would have very gladly confessed it".

A careful reading of the record in this case convinces us that the court erred in refusing to grant the motion for continuance filed in this case. Johnson v. State, 45 Okla. Cr. 384, 283 P. 590.

For the reasons above stated it is ordered that the judgment of the superior court of Okmulgee county be reversed.

DAVENPORT, P. J., and DOYLE, J., concur.