## JOE IRVINE v. STATE.

No. A—9320. June 10, 1938.

(80 P. 2d 599.)

346

Con Long and Homer H. Bishop, both of Seminole, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Hubert Hargrave, Co. Atty., and Tom Biggers, Asst. Co. Atty., both of Wewoka, for the State.

BAREFOOT, J.    The defendant, Joe Irvine, was charged by information, in the county court of Seminole county, with the unlawful possession of intoxicating liquors, was tried, convicted and sentenced to pay a fine of $500, and to serve a sentence of six months in jail, and has appealed.

The first question presented by the record is that the court erred in overruling the motion for continuance presented in this case.    The facts upon which this motion was based are as follows:    The defendant was arrested on the 12th day of July, 1935, on which date an information was

filed in the county court. An appearance bond was made by defendant on this same date. This bond was signed: "Joe Irvine, by J. W. Pipkin, his attorney, principal," and two sureties. The case was set for trial on the 14th day of December, 1936. On this date the motion for continuance was filed, which was as follows:

"Comes now the defendant and moves the court to continue the trial of the above entitled cause now set for the 14th day of December, 1936, for the reason that Con Long, attorney of record for the defendant Joe Irvine is serving as a member of the Legislature of the State of Oklahoma, now in session, and that he has been unable to prepare this case for trial. Signed: Con Long."

In the consideration of this motion witnesses were sworn and evidence taken. This testimony revealed that immediately upon the arrest of defendant he employed an attorney to make his bond; that this employment was only for the purpose of making bond and not for the purpose of representing him in the trial of his case; that during the month of May or June, 1936, he employed the Hon. Con Long to represent him in the case now under consideration, and certain other cases pending against him in the county court of Seminole county; that at this time he paid him the sum of $100, and that about two months prior to the time that this case was called for trial he paid him an additional $50, which constituted the total fee which he was to pay; that at the time this case was called for trial the Hon. Con Long was a member of the Legislature from Seminole county, and that the Legislature was in session at said time and had been since the 24th day of November, 1936. The above motion was presented to the court by the Hon. Homer Bishop, a member of the Seminole County Bar, as a courtesy to Mr. Long, who could not be in attendance on the court by reason of his duties as a member of the Legislature of this state, which was then in session. This evidence was uncontradicted on the part of the state. The Oklahoma statute in reference to this question is as fol-

lows: Oklahoma Statutes 1931, section 396, as amended by Laws 1935, p. 2, § 1, Okla. St. Ann., tit. 12, sec. 667:

The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within ten days after an adjournment of a session of the Legislature, such fact shall constitute cause for continuance of the case, and all motions, demurrers and preliminary matters to be heard by the court, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right. When a continuance is granted on account of the absence of evidence, it shall be at the cost of the party making the application unless the court otherwise order. And when any litigant has given notice of appeal from any judgment of any court of record in this state to the Supreme Court or Criminal Court of Appeals and the time for doing any act to perfect such appeal has, or does hereafter lapse during the session of the Legislature, whether regular or special, and the said litigant is a member of the Senate or House of Representatives, of the State of Oklahoma in such session, or his Attorney of Record is such member, such litigant or attorney shall have such time after the adjournment of the session of the Legislature to perform such act and complete his appeal as he had at the commencement of the session of the Legislature, of which he or his attorney of record was a member, and all acts done in the perfection of such appeals shall be as valid as if done within the time provided.

This statute (amended in some respects immaterial to this issue by article 1, chapter 2, Session Laws of 1935, and article 1, chapter 2, p. 1, Session Laws of 1937) has been construed by this court in the following cases: Holloway v. State, 37 Okla. Cr. 24, 255 P. 1022; Otey v. State, 39 Okla. Cr. 61, 263 P. 155, and Johnson v. State, 45 Okla. Cr. 384, 283 P. 590. It is contended by defendant that this case

should be reversed by reason of the Johnson Case, supra, and the state contends it should be affirmed by reason of the Holloway and Otey Cases, supra, it being the contention of the state that the record does not disclose that the Hon. Con Long was an "attorney of record" in the case; that the motion filed by him was not sworn to, and nothing was filed in the case by him until the motion for continuance was presented. In answer to this contention it may be stated that the statute does not require this part of the motion to be sworn to, and for the additional reason that evidence was taken at the hearing on this motion, and the defendant testified that he had retained Mr. Long and paid him to represent him many months prior to the convening of the Legislature. No evidence was offered by the state to disprove this fact, and it, therefore, stands uncontradicted. While the evidence revealed the Legislature was in session at the time the continuance was asked, it would be the duty of this court to take judicial notice that the Legislature was in session, and that the Hon. Con Long was a member thereof. In the state's brief it is stated:

"In said motion said Con Long is referred to as 'Attorney of Record' for the defendant, a description not supported by anything in the record and evidently untrue."

The last part of this statement overlooks the fact that defendant testified to his employment of Mr. Long several months prior to the convening of the Legislature. We are aware of the fact that it is possible for cases to arise where testimony might be given as to the employment of an attorney which is untrue, but we are also aware of the fact that the filing of a motion by an attorney, when the facts upon which it is based are untrue, would be a cause for his disbarment in this state. We hardly think that an attorney would run the risk of filing such a motion for continuance, based upon the fact that he was employed to represent a defendant, when in truth and in fact he did not represent him and was not employed until after the Legislature was in session. At any rate the uncontradicted evidence in this

case reveals that Mr. Long was employed as attorney for defendant, and had been paid his fee long prior to the convening of the Legislature, and that he was in attendance upon his duties in the Legislature which was in session at that time. The facts in this case bring it clearly within the facts of the Johnson Case, supra. For future guidance we would suggest that members of the Legislature, who are attorneys for defendants and have been employed prior to the convening of the Legislature, would do well to have the clerk of the court note their appearance on the record at the time of their employment, and then there could be no doubt of their being "attorneys of record" prior to the convening of the Legislature, but as above stated, in the case at bar, the undisputed evidence shows that Mr. Long was employed long prior to the convening of the Legislature, and no evidence was offered by the state to disprove this fact. The Legislature of the state has seen fit, in its wisdom, to say that these facts are sufficient for the granting of a continuance in this state as a matter of right. We, therefore, are of the opinion that the court erred in refusing to grant the motion for continuance filed in this case.

Other questions are raised in the brief of defendant which it now becomes unnecessary to pass upon as they will not occur in a retrial of this case. It is, therefore, ordered that the judgment of the county court of Seminole county be reversed, and defendant granted a new trial.

DAVENPORT, P. J., and DOYLE, J., concur.