## BILL FITZGERALD et al. v. STATE.

No. A-9347.   Aug. 26, 1938.
(83 P. 2d 581.)

H. C. Ivester, of Sayre, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, J.    The original information in this case charged that in Beckham county, on or about the 25th day of September, 1936, one Case Cox did unlawfully have the possession of a still.    An amended information was filed, charging that Case Cox, Bill Fitzgerald and Clarence Fitzgerald on or about the 25th day of September, 1936, did unlawfully have possession of a still.

The name of the defendant, Case Cox, was indorsed thereon.

The jury by their verdict found the plaintiffs in error guilty as charged and fixed the punishment of each at a fine of $100 and 60 days' imprisonment in the county jail.

Motion for new trial was filed and overruled on November 28, 1936.

From the judgment rendered on the verdict an appeal was perfected by filing in this court on June 9th, 1937, a petition in error with case-made attached.

The Attorney General has filed a motion to dismiss the appeal "for the reason that said appeal was not perfected within the time allowed by statute, that said defendants were sentenced on November 28, 1936, that no extension of time was given by the court for perfecting the appeal, that the purported case-made was signed and settled by the county judge on January 30, 1937, which was more than 60 days after the date of said judgment and sentence, and was not filed in this court until June 9, 1937."

In the response to the motion to dismiss, it is stated that:

"H. C. Ivester was the attorney of record in this matter; that he represented these defendants as their attorney. That H. C. Ivester was elected State Senator of Oklahoma in the year 1934, for a four year term as such Senator, and that as such member of the Oklahoma State Senate, he was called into extraordinary session by the Hon. E. W. Marland, Governor, on November 24, 1936, and that the extra or special session continued until the convening of the regular session of the Oklahoma Legislature on the first Monday in January, 1937, and continued until May 11, 1937, and that H. C. Ivester was a member of the Oklahoma State Senate during the 16th Session of the Oklahoma Legislature that adjourned on the 11th day of May, 1937, and as a result thereof, had 60 days from May 11, 1937, to perfect the appeal in this cause by reason of section 396, O. S. 1931."

The Constitution of this state, Okla. St. Ann. Const. art. 7, § 2, gives to every defendant in a criminal case the right to appeal from any judgment against him, but the manner of taking and perfecting such appeal is a proper matter of legislative control, and the appeal must be taken

in the manner prescribed by law. 20 Okla. St. Ann. § 40; Noel v. State, 17 Okla. Cr. 308, 188 P. 688. See Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736; Flathers v. State, 7 Okla. Cr. 668, 125 P. 902; Burnett et al. v. State, 8 Okla. Cr. 639, 129 P. 1110, 47 L.R.A., N.S., 1175.

Section 3189, St. 1931, 22 Okla. St. Ann. § 1051, provides:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

Section 1, art. 1, ch. 2, Session Laws 1935, 12 Okla. St. Ann. § 667, reads in part as follows:

"And when any litigant has given notice of appeal from any judgment of any court of record in this state to the Supreme Court or Criminal Court of Appeals and the time for doing any act to perfect such appeal has, or does hereafter lapse during the session of the Legislature, whether regular or special, and the said litigant is a member of the Senate or House of Representatives, of the state of Oklahoma, in such session, or his attorney of record is such member, such litigant or attorney shall have such time after the adjournment of the session of the Legislature to perform such act and complete his appeal as he had at the commencement of the session of the Legislature, of which he or his attorney of record was a member, and all acts done in the perfection of such appeals shall be as valid as if done within the time provided. * * *

"Approved April 3, 1935. Emergency."

And see section 1, art. 1, ch. 2, p. 1, Session Laws 1937, 12 Okla. St. Ann. § 667 entitled:

"An Act amending Section 1, Article 1, Chapter 2, of the Session Laws of 1935, relating to continuances; repealing all acts in conflict herewith; and declaring an emergency."

The journal entry of judgment in this case concludes as follows:

"And for good cause shown it is further ordered by this court that the time be extended for a period of 30 days from this date within which to make and serve case-made; state to have 10 days thereafter within which to suggest amendments thereto, and that the case-made be settled and signed by five days' notice to either side to the other."

It appears from the record that notices of appeal in writing, together with proof of service of the same as required by the statute, were duly served on the county attorney and the clerk of the court on December 7, and appeal bonds given and approved on the same date.

The uniform holding of this court is that under section 396, St. 1931, as amended, 12 Okla. St. Ann. § 667, a member of the Legislature is entitled to a continuance of cases in which he is attorney of record as a matter of right during the time he is serving as a member of the Legislature in actual session. Irvine v. State, 64 Okla. Cr. 345, 80 P. 2d 599; Gilroy v. State, 64 Okla. Cr. 332, 80 P. 2d 602; Johnson v. State, 45 Okla. Cr. 384, 283 P. 590; Otey v. State, 39 Okla. Cr. 61, 263 P. 155; Holloway v. State, 37 Okla. Cr. 24, 255 P. 1122.

It follows from the foregoing review that the appeal in this case was properly perfected under the statutory provision, extending the time within which the appeal could be filed in this court when during the session of the Legislature, the defendant's attorney of record is a member of the Senate or House of Representatives.

The motion to dismiss the appeal is therefore overruled.

The assignments are that the court erred in overruling the motion to suppress the evidence, and that the verdict of the jury is contrary to law and to the evidence.

The evidence upon which the conviction was had was obtained by a search warrant which was issued upon the affidavit of S. F. Flynn.

When the case was called for trial the defendants, Bill and Clarence Fitzgerald, filed a motion to suppress the evidence, for the reason that the search and seizure was made under a void search warrant, on an affidavit that was legally insufficient.

In support of the motion the affidavit and search warrant were offered in evidence.

The affidavit recites that intoxicating liquors are being manufactured, stored and kept by Case Cox, on the following described premises; that the said premises above described is the private residence of said Case Cox, with barn and other outbuildings on the premises, and occupied as such, and that it is a place of public resort.

After hearing the evidence offered in support of the motion, the motion to suppress was overruled.

The immunity from prejudicial consequences of an illegal search and seizure is a personal one, and does not extend to an unauthorized search of the premises of another. If such search and seizure was illegal, the right to object could be claimed only by the one whose premises had been invaded. Williams v. State, 35 Okla. Cr. 171, 249 P. 433.

It follows that the motion to suppress the evidence was properly overruled.

As to the sufficiency of the evidence to sustain the verdict, we think there can be but little doubt.

The testimony of officers Flynn, Jones and Montgomery was to the effect that in executing a search warrant they searched the premises of the defendant, Case Cox, four and one half miles south of Elk City, and found a still set up in the shed room of the house, and seven or eight barrels containing mash. They seized the still and arrested Case Cox.

Flynn testified: "When we drove up I saw a party run from the house, there was a big plum thicket 30 feet from the house."

As a witness for the state, Case Cox testified that he was at home with his children, two girls, one 14, one 11, and a boy 9. That the defendant, Clarence Fitzgerald was in the bedroom when the officers arrived. That a still was in the shed house, that he did not know who brought it there on a truck one night in July; that the defendants, Bill and Clarence Fitzgerald, came out there about that time, and he let them have the shed room and half of the house; that Nate Isle was present when the deal was made; that the still was taken away the next night; that two or three weeks later the still was brought back and put in the shed house, but he did not know who brought it there. That the defendants paid him $28 and promised to pay him $100 more when he would give them possession of the place. That Bill and Clarence Fitzgerald ran a batch of whisky off while the still was there. That he had this day entered his plea of guilty.

Helen Cox testified that her age was 14 years; that she saw Bill and Clarence Fitzgerald at their place on the 28th day of July; that Nate Isle was there at the time; that the still was there at that time, and was later taken away, and was brought back about a week before the officers found it. Clarence Fitzgerald was there the day the officers raided the place. His brother, Hollis Fitzgerald, brought a skillet, some plates and a few other things there that day. That she had a key to a padlock on the door to the shed, but she did not have it that night, and the next morning her brother, Billy Joe, gave her the key.

Florence Cox testified that she was 12 years old; that Bill and Clarence Fitzgerald came out to the place several times while the still was there.

Nate Isle testified that he lived within a mile of the Cox place; that about the first of August he was at the home of Case Cox, and Bill and Clarence Fitzgerald were there; that he overheard their conversation, about renting the 40 from Case Cox, but did not hear the terms on which they were to rent it.

At the close of the testimony for the state, the defendants interposed a demurrer thereto, and moved the court for a directed verdict of acquittal, which was overruled.

The defendant Bill Fitzgerald testified that he lived with his wife and child in Elk City, that he was a common laborer, that with his brother Clarence, he went to the house of Case Cox to see about renting the place for a year, Mr. Isle was there at the time. About a week later they returned to the place, but could not make a deal with Cox; that he did not take a still to the Case Cox place, and did not have any one else take one there, and did not have anything to do with the possession of the still found there, and did not even know it was there until after it was found by the officers.

The defendant Clarence Fitzgerald testified that he lived with his wife and child in Elk City, and worked as a common laborer to support his family; went with his brother to Case Cox's home to rent the place, and again went there with his brother Bill to rent the place, but they did not rent the place, that he never did operate a still, did not own or have possession of the still found on the Case Cox place; did not know anything about the still, or have anything to do with the still found there.

At the close of all the evidence the defendants renewed their demurrer thereto, and moved for a directed verdict of acquittal, which was overruled.

It appears from the foregoing statement that while the evidence corroborative of the accomplice, Case Cox,

is not independently sufficient, to establish the guilt of the defendants beyond a reasonable doubt, it does in our opinion tend to connect the defendants with the commission of the crime charged.

The law in reference to the corroboration of an accomplice has been considered and stated by this court in many decisions. It is said that, where the corpus delicti is well proved and there is competent evidence independent of that of the accomplice showing the actual commission of the crime, which tends to connect the defendant with the commission thereof, the sufficiency of such corroboration is a question for the jury. McCurdy v. State, 39 Okla. Cr. 310, 264 P. 925; Wilson v. State, 24 Okla. Cr. 332, 217 P. 885; Davis v. State, 18 Okla. Cr. 453, 196 P. 146; Moody v. State, 13 Okla. Cr. 327, 164 P. 676, 679.

The credibility of witnesses and the weight and value to be given their testimony is for the jury, and where the evidence and the reasonable and logical deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of the accused, this court will not disturb the verdict for insufficiency of the evidence.

Upon a consideration of the whole case we are impelled to the conclusion that substantial justice requires a modification of the sentences imposed.

The judgment of the trial court is modified and the sentences reduced as to each defendant to a fine of $50 and imprisonment in the county jail for 30 days. As thus modified the judgment is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.