**Donald John HELSPER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14456.**

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1969.

Robert E. Parker, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in error, Donald John Helsper, hereafter referred to as defendant, was tried in the Municipal Criminal Court of the City of Tulsa, Tulsa County, Oklahoma, Case No. 68183, for the offense of being in actual physical control of a vehicle while under the influence of intoxicating liquor, on the 24th day of May, 1967. He was tried by a jury, found guilty and the jury assessed defendant's punishment at confinement in the County Jail for ten days, and payment of a fine of two hundred and fifty dollars ($250.00). Judgment and sentence was imposed by the court on the 8th day of June, 1967, from which this appeal was perfected.

At the outset, it should be pointed out that the judgment and sentence erroneously

provides that defendant was charged with the offense of "Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor," under the provisions of Title 47 Okl.St.Ann. § 11–902. The information alleged the charge to be: "[*I*]*n actual physical control* of a 1954 Cadillac Motor vehicle at 1600 South Harvard Street while said defendant was under the influence of intoxicating liquor, * * *." It was upon that charge the jury tried the defendant, and returned a verdict of guilty, and assessed defendant's punishment. The charge upon which defendant was tried is a different charge to that set forth in the judgment and sentence. See: Parker v. State, Okl.Cr., 424 P.2d 997 (1967), fifth paragraph of syllabus:

"Offense of driving or operating any motor vehicle while under the influence of intoxicating liquor is distinct from offense of being in actual physical control of any motor vehicle while under influence of intoxicating liquor and both offenses are created by statute." 47 Okl. St.Ann. § 11–902.

In his brief, defendant sets forth only one proposition: "That trial court erred in not granting defendant's motion for a continuance, that it was an abuse of the trial court's discretion in this case." In support of this proposition, defendant cites only one case, i. e., Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); and recites, that case "mandates that the defendant therein must have legal counsel." Defendant offers this citation in support of his contention that the failure to grant his motion for continuance violated his rights under the Sixth, and Fourteenth Amendments to the United States Constitution.

With reference to Gideon v. Wainwright, supra, the record before the Court clearly reflects that defendant was represented by counsel, and as the trial judge stated "able and experienced" counsel. Therefore, we must conclude that defendant's citation is not applicable to the facts in the instant case. In Wyatt v. State,

Okl.Cr., 410 P.2d 86 (1966) this Court recited:

"There is a long line of cases holding that applications for continuances are addressed to the discretion of the trial court, and that its decision will not be disturbed on appeal unless it appears that there has been an abuse of such discretion, and absence of counsel is not made one of the grounds for a continuance. If, however, the trial court's decision in overruling an application for continuance resulted in depriving a defendant of proper counsel, a new trial will be granted." Gilroy v. State, 64 Okl.Cr. 332, 80 P.2d 602.

After carefully considering the record before the Court, we are of the opinion that defendant was not deprived of proper counsel, nor were his rights under the United States Constitution denied him. We observe at page 131 of the record, that counsel set forth in his direct examination, that he had visited with witness, Joe Spencer, prior to the time he testified.

We are therefore of the opinion that the trial court did not abuse its discretion, when defendant's motion for continuance was denied. We have carefully considered the record and conclude that defendant received a fair trial, with able and competent counsel who presented a most creditable representation of his client;—the instructions are proper and we otherwise find no fundamental error in the record.

We are therefore of the opinion that this case should be affirmed. We are further of the opinion, and direct the trial court to enter, by nunc pro tunc proceedings, a correct judgment and sentence herein, showing that the defendant was convicted for the offense of being in actual physical control of a vehicle, while under the influence of intoxicating liquor. The trial court is further directed, upon the completion of the said nunc pro tunc proceedings, in that Court's case number 68183, to be conducted by the Presiding Judge for the Municipal Criminal Court of the City of Tulsa, Tulsa County, Oklahoma, to transmit a true, cer-

tified copy of said proceedings to this Court. When such proceeding is shown to have been made a matter of record, the judgment and sentence shall be affirmed, and the mandate will at that time be issued.

Judgment and sentence affirmed, with instructions.

BUSSEY and NIX, JJ., concur.