## FRANK DRUMMONDS v. STATE.

No. A-6722.    Opinion Filed Nov. 30. 1929.
(283 Pac. 263.)

L. M. Gensman, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county on a charge of having possession of in-

toxicating liquor, to wit, whisky, and his punishment fixed at a fine of $250 and confinement in the county jail for 30 days.

The evidence of the state was obtained by means of a search warrant. Officer S. A. Logan, who made the affidavit to procure the search warrant, testified that in the search they found a half-gallon fruit jar full of whisky in a cupboard in the kitchen, 800 pounds of sugar, a 3 or 5 gallon jug which had the odor of whisky, and 7 cases of fruit jars in the cellar, one crate of which had a strong smell of liquor coming from it. This evidence was corroborated by Officer Ewing Barker, who testified that it was whisky. The defendant claimed that the liquor found on his premises had been found by a nephew of his, and had been carried to defendant's home and left there. He denied that he knew the whisky was in his house or that he had anything to do with it.

The defendant filed a motion to suppress the evidence, and called the justice of the peace, who issued the search warrant, and S. A. Logan, who made the affidavit, for the purpose of showing that neither of the parties had any actual information or personal knowledge of the things set forth in the affidavit for the search warrant. The trial court permitted the defendant to attack the truthfulness of the facts alleged in the information and the source from which the affiant obtained his information.

In the case of Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, 452, this court said:

"The sufficiency in form or substance of the affidavit for search warrant and the search warrant itself may be challenged by a motion to suppress evidence or by an objection to the admission of evidence. Such challenge is to be determined by the trial court. It is never a ques-

tion for the jury. The purpose of the verified complaint for search warrant is to invoke the judicial power of the magistrate, and, when filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing the existence of the things stated in the affidavit. In so determining the magistrate exercises a judicial function. Whether or not he errs in his conclusion or whether or not the affidavit upon which the search warrant is obtained is true is not an issue under the trial of a case predicated upon evidence obtained by such search warrant."

In the case of Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, this court said:

"Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained."

The sufficiency of the affidavit in the case at bar must therefore be tested from the affidavit itself, and not by reason of any extraneous testimony of the person sworn. It was improper for the trial court to permit the defendant to cross-examine S. A. Logan, who made the affidavit for search warrant, in an attempt to establish either that Logan had no personal knowledge of the facts stated in the affidavit or that such statements were untrue.

The affidavit being sufficient upon its face to authorize the issuance of a search warrant, and a timely search of the premises having been made under the warrant issued thereon, the evidence obtained by such search was properly admitted by the trial court.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.