CHARLIE KEY v. STATE.

No. A-9648.   Feb. 29, 1940.

(100 P. 2d 291.)

John T. Levergood and Clarence Tankersley, both of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   Charlie Key was charged in the county court of Pottawatomie county with the offense of possession of intoxicating liquor, was tried, convicted and sentenced to serve a term of 30 days in the county jail and pay a fine of $50 and costs, and has appealed to this court.

The defendant, for reversal of this case, alleges:

(1)   That the county court erred in overruling defendant's motion for a continuance of said cause.

(2) The court erred in overruling defendant's motion to suppress the evidence.

(3) The court erred in giving certain instructions over the objections of the defendant.

The defendant was prosecuted by information filed on January 17, 1939. On March 14, 1939, the following motion, omitting the caption, was filed:

"Comes now the defendant and moves this court to continue the trial of the above entitled cause now set for the 15th day of March, 1939, for the reason that Clarence Tankersley, attorney of record for the said defendant, is now serving as a member of the Legislature of the State of Oklahoma. Wherefore defendant prays that said cause may be continued to the next term of said court.
"Clarence Tankersley,
"Attorney for the Defendant."

No evidence was offered by the defendant in support of his motion for a continuance, and the motion was not verified. The record discloses that upon arraignment of the defendant on January 17, 1939, the defendant was personally present and was represented by his attorney, John T. Levergood, who entered the defendant's plea for him and made his bond. The cause at that time was set for trial for the February term of court. When it came on for hearing, Mr. Levergood, as attorney for the defendant, appeared and obtained a continuance because the defendant was out of the state and could not be present for the trial. The cause was then set for trial for March 15, 1939. The only attorney of record for the defendant was John T. Levergood until this motion was filed to which Mr. Tankersley's name appears attached. So far as the record discloses, there was never any intimation to the court that Mr. Tankersley was interested in said case. After the filing of said motion, the court made the following finding:

"In number 5473, the court takes judicial knowledge that the defendant was charged, January 17, 1939; that Mr. John T. Levergood, an attorney at Shawnee, appeared for the defendant at the arraignment and made the bond.

"The court takes judicial knowledge from the record that the case thereafterwards was set for trial in February of 1939, and John T. Levergood, an attorney of Shawnee, Oklahoma, appeared before the court and asked for a continuance for the assigned reason that the defendant was out of the state.

"The court takes judicial knowledge in this connection that the appearance docket showed John T. Levergood to be the attorney of record and that there never has been any formal withdrawal. There is also filed in this cause yesterday, March 14, 1939, an application for continuance signed by Mr. Tankersley, an attorney living here in Shawnee and who is a member of the Legislature. It is the holding of the court that the defendant is well represented and that this application is untimely and it is overruled."

The defendant was present in court and did not testify concerning his employment of Mr. Tankersley. Mr. Levergood had never withdrawn as his counsel and did not ask the court to permit his withdrawal from the case; and during all the proceedings herein, Mr. Levergood appeared at all times as the attorney for the defendant.

In this connection the court made the following comment:

"Mr. Levergood, you have represented the defendant since the day of arraignment, made his bond, appeared for him at the last trial and I am convinced know more about this case than Mr. Tankersley could possibly know. Mr. Tankersley has not even been in Shawnee except occasionally at nights since the Legislature was in session."

Mr. Levergood, after the overruling of said motion for continuance, proceeded to trial as attorney for the

defendant; and an examination of the record discloses that he very ably presented the views of the defendant to the court and jury.

The statute relied upon by the defendant was section 396, O. S. 1931, as amended, 12 Okla. St. Ann. § 667, which reads as follows:

"Section 1. The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within thirty (30) days after an adjournment of a session of the Legislature, such fact shall constitute cause for continuance of the case, and all motions, demurrers, and preliminary matters to be heard by the court, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right. When a continuance is granted on account of the absence of evidence, it shall be at the cost of the party making the application unless the court otherwise order. And when any litigant has given notice of appeal from any judgment of any court of record in this state to the Supreme Court or Criminal Court of Appeals and the time for doing any act to perfect such appeal has, or does hereafter lapse during the session of the Legislature, whether regular or special, and the said litigant is a member of the Senate or House of Representatives, of the State of Oklahoma, in such session, or his attorney of record is such member, such litigant or attorney shall have such time after the adjournment of the session of the Legislature to perform such act and complete his appeal as he had at the commencement of the session of the Legislature of which he or his attorney of record was a member, and all acts done in the perfection of such appeals shall be as valid as if done within the time provided."

This court in the cases of Holloway v. State, 37 Okla. Cr. 24, 255 P. 1022, and Otey v. State, 39 Okla. Cr. 61, 263 P. 155, has construed this statute to the effect that

where a party who is charged with a crime and has an attorney who is not a member of the Legislature, waits until the Legislature is in session and then employs a lawyer who is a member of the Legislature to defend him, he is not entitled to the continuance under the provisions of said section 396, O. S. 1931, as amended by the Session Laws of 1937, c. 2, art. 1, § 1, supra, 12 Okla. St. Ann. § 667.

The above cases are not exactly in point with the instant case for the reason that the information filed herein was filed after the Legislature had convened; and if Mr. Tankersley had been the sole attorney for this defendant, there would be no question that as a matter of right he would have been entitled to a continuance of the trial of said cause.

If the trial court's action in overruling the motion for a continuance had deprived the defendant of benefit of counsel or if it had appeared from the record that the defendant had a substantial defense to the charge which he was unable to present by reason of the absence of one of his counsel, this court would unhesitatingly set aside a conviction for failure to grant the continuance.

To allow a defendant, who has able and competent counsel already employed to represent him, to procure a continuance of a case merely by employing a member of the Legislature would give every defendant charged with crime the right to continue his case during a session of the Legislature. No doubt this would be contrary to the spirit and letter of this act.

Under the facts herein, the defendant's motion did not entitle him to a continuance as a matter of right; but such application was addressed to the sound discretion of the trial judge. We find there was no abuse of

discretion and that the overruling of the motion for a continuance is not error.

The defendant next contends that the court erred in overruling his motion to suppress the evidence, based on the insufficiency of the affidavit for the search warrant. The affidavit was not introduced in evidence, but the search warrant, which was served on the defendant, was introduced. The search warrant itself recites certain of the facts which were purportedly set forth in the affidavit filed by Tom Wyatt, the county attorney, for the procurement of the search warrant. Since the affidavit for the search warrant was not introduced in evidence and no effort was made by the defendant to introduce the same, the presumption is that the affidavit for the search warrant was legal and sufficient on its face to show probable cause which would authorize the issuance of a search warrant.

If the statement set forth in the search warrant as to what the county attorney swore in the affidavit is correct as to what the affidavit contained, then counsel's contention that the affidavit was from an old form is correct; but the fact that it is an old form does not of itself make the issuance of a search warrant based thereon void. The statement in the search warrant is positive in its nature and recites evidentiary facts sufficient to show probable cause for the issuance of a search warrant.

The attorney for the defendant placed the county attorney upon the witness stand and attempted to impeach the positive statements made by the county attorney in his affidavit, but the county court correctly ruled that the defendant cannot question the truthfulness of the affidavit in his hearing on a motion to suppress the evidence. This court has many times ruled that

an affidavit sufficient on its face cannot be impeached by evidence that the person who made the affidavit did not have knowledge of the facts set forth in the affidavit. Drummonds v. State, 45 Okla. Cr. 278, 283 P. 263; Phillips v. State, 34 Okla. Cr. 52, 244 P. 451; Harris v. State, 56 Okla. Cr. 105, 34 P. 2d 289.

The purpose of section 2, article 30, of our Constitution, Okla. St. Ann., which is relied upon by the attorney for the defendant herein, is not to make it impossible for officers of the law to make searches of places where they have good reason to believe that liquor is being kept for sale, contrary to our statute. If a man makes a whisky joint out of his home, then it no longer has that sanctity to which a man's home is entitled.

It should not be difficult for a county attorney who has made any study of the decisions of this court to prepare an affidavit for a search warrant that will be sufficient. There is no excuse for a county attorney to continue to use affidavits or search warrant forms that have become obsolete because of changes in the law. Even though this court might sustain searches based on such instruments, it would be much better practice to bring their forms up-to-date.

The burden, of course, was upon the defendant to sustain his motion to suppress. Since the affidavit for the search warrant was not introduced in evidence and no proof of what it contained is in the record other than certain references thereto in the search warrant itself, we are unable to say from an examination of this record just what was set forth in the affidavit. No effort was made by the defendant to produce the affidavit, and no demand was made upon the county attorney to produce the same. The presumption is that the affidavit was regular on its face and in conformity to the law. The record does not

disclose that there is any error on the part of the court in overruling the defendant's motion to suppress the evidence.

The facts show that three deputy sheriffs of Pottawatomie county went to the place described in the search warrant, north of Shawnee on Highway 18, and after a search found 46 or 47 bottles of whisky in the basement. The defendant was residing there and had the key to the basement door and unlocked the same for the officers.

No evidence was offered on the part of the defendant.

The defendant complains of certain of the instructions; but after an examination of all the instructions, we find that they are such instructions as have been approved many times by this court in liquor cases. Surely, the minimum punishment imposed by the jury does not show that the defendant was prejudiced by the giving of any of the instructions.

We find there have been no material errors which affect the substantial rights of the defendant, and this case should be affirmed.

It is so ordered.

DOYLE, P. J., and BAREFOOT, J., concur.