## JACK GREER v. STATE.

No. A-10079. Jan. 14, 1942.
(121 P. 2d 329.)

Charles G. Ozmun, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and W. W. Godlove, Co. Atty., of Lawton, for the State.

BAREFOOT, P. J. Defendant was charged in the county court of Comanche county with the crime of unlawful possession of intoxicating liquor, to wit: two pint bottles partly full of whisky and one pint bottle partly full of gin, was tried, convicted and sentenced to pay a fine of $500 and to serve 180 days in the county jail, and has appealed.

On examination of the record we find that the Attorney General has filed a confession of error, which is as follows:

"Comes now the defendant in error, the State of Oklahoma, and shows to the court that this case was filed in the county court of Comanche county, Oklahoma, on the 30th day of August, 1940, that the defendant Jack Greer stated that Charles G. Ozmun of Lawton, Oklahoma, was employed as his counsel in September, 1940, and to the same effect is an affidavit by Charles G. Ozmun, set forth in his motion for a continuance at page 42 of the case-made.

"It will be noted likewise that this attorney set forth in his notification and request for continuance (C.-M. 8) that he was the attorney of record and that he was a member of the Legislature and would be at the Capitol on February 3, 1941, the date said cause was set for trial, and prayed the court to strike said case from the calendar as heretofore made.

"We have examined the statement of facts and arguments filed herein and note the authorities cited in the

brief of defendant. In addition to those quoted the court's attention is invited to the case of Gilroy v. State, 64 Okla. Cr. 332, 80 P. 2d 602, the first syllabus of which is as follows:

"'Under section 396, Okla. Stats. 1931, Okla. St. Ann. tit. 12, Sec. 667, a member of the Legislature is entitled to a continuance of cases in which he is attorney of record as a matter of right, during the time he is serving as a member of the Legislature in actual session.'

"We therefore conclude that the court erred in forcing this defendant into trial under the facts and circumstances and especially in view of the record. It is our opinion that said court should have granted the defendant a new trial under the holding in the Gilroy case. We see nothing this court can do except reverse this cause.

"Respectfully submitted,

"Mac Q. Williamson, Attorney General,

"Jess L. Pullen, Assistant Attorney General,

"Attorneys for Defendant in error."

We have examined the record and find that the above statement is correct. This case was filed on the 30th day of August, 1940. Charles G. Ozmun was employed by defendant as his attorney and his fee paid. The case was set for trial on the 3rd day of February, 1941, at which time the said Charles G. Ozmun was in attendance upon the Legislature of this state, of which he was a member. A motion for continuance was filed for the reason above stated. There are facts in the record which might have justified the court in refusing to grant the continuance, but attached to his motion for new trial is an affidavit by the said Charles G. Ozmun in which he states positively that he was employed by the defendant in September, 1940, and prior to the time he was elected a member of the Legislature and paid a fee in the case. That he had been informed by the county attorney that this case had

been dismissed as per agreement. That he did not know same was set for trial until February 1, 1941, and that he immediately filed his motion for continuance. That he was representing defendant in other litigation. That on February 3, 1941, he was at Oklahoma City in attendance upon the Legislature, which was in session at that time, and was unable to be present on February 3, 1941, when the case was tried. There is no response or denial by the state of the facts set forth in this affidavit. Defendant's case was tried without the assistance of counsel.

The statute with reference to this matter is Oklahoma Statutes 1931, section 396, O. S. A., Title 12, sec. 667, as amended by Laws 1937, page 1, sec. 1, which is as follows:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within thirty (30) days after an adjournment of a session of the Legislature, such fact shall constitute cause for continuance of the case, and all motions, demurrers and preliminary matters to be heard by the court, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right. * * *"

Under the above statement we think it was error for the court to overrule the motion for new trial filed by defendant, and for the reasons above stated, the judgment and sentence of the county court of Comanche county is reversed and remanded.

JONES and DOYLE, JJ., concur.