**GARDNER  v.  STATE.**

No. A–12006.

Criminal Court of Appeals of Oklahoma.
July 28, 1954.

**456**

Gene T. Ritter, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, Robert Gardner, was charged by an information filed in the District Court of Carter County with the crime of burglary in the second degree, it being alleged that in the nighttime on November 26, 1952, the said Gardner broke into and entered the Gravitt Drug Company building in Ardmore with intent to steal certain personal property therein contained; defendant was tried, convicted and pursuant to the verdict of the jury, was sentenced to serve a term of 3 years imprisonment in the penitentiary and has appealed.

The evidence of the State showed that certain officers of Carter County on the night of November 26, 1952, while cruising in their automobile, observed that a bar which customarily was placed across the front door of the Gravitt Drug Store was down, and upon stopping their automobile to investigate, they could hear someone hammering on something in the rear of the building. They entered the building and as they did so, one person ran out the rear door. They found the defendant crouched near the safe which showed that it had been battered in an effort to open it. An iron bar which had apparently been used by the burglars in effecting an entry into the building and in attempting to open the safe was found at the safe.

The defendant did not testify but his wife testified that she and defendant lived in Oklahoma City, and that on the night in question she and the defendant had a quarrel and that he left their home about 11:00 P.M.; that she next heard from him about 3 o'clock the following morning when she was called from Ardmore that he was in jail. She testified defendant was intoxicated when he left their home.

Although several issues are presented in the brief of the defendant, the principal contention which is presented for a reversal is the proposition that the trial court erred in overruling the motion for continuance presented on behalf of the defendant prior to the commencement of the trial. This motion was based upon the contention that the principal counsel of the defendant was a member of the Legislature which was in session at the time the case was called for trial, and that the court erred in refusing to continue the case until more than 30 days after the adjournment of the Legislature in accordance with the statute. 12 O.S.1951 § 667. The record discloses that at one time or another the accused had four attorneys to represent him. The chronological order of the events affecting the defendant showing the various attorneys as reflected by the record are as follows:

November 26, 1952, Sam Moore, an attorney of Oklahoma City, appeared for defendant and represented him in making his bond.

November 28, 1952, Guy H. Sigler, an Ardmore attorney, was employed by defendant.

December 10, 1952, defendant appeared with his counsel, Mr. Sigler, before the magistrate, waived preliminary hearing, and was ordered held to await trial in the District Court.

January 1, 1952, to May 15, 1953, Mr. Sigler was seriously ill and died on the latter date. From January 1, 1952, to the date of Mr. Sigler's death, Gene T. Ritter, an Ardmore attorney, rented office space

from Mr. Sigler and advised with Mr. Sigler concerning legal business which Mr. Sigler had.

April 1, 1953, the District Court of Carter County issued a docket for the trial of criminal cases, and the date of the trial of the accused was set for June 4, 1953. On this date Mr. Ritter, acting on behalf of Mr. Sigler, wrote to the accused notifying him of the serious illness of Mr. Sigler and telling him that Mr. Sigler would be unable to represent the accused at his trial.

April 11, 1953, the defendant stated he employed Frank Grayson, a member of the Oklahoma Legislature, which was then in session.

May 29, 1953, defendant hired Mr. Ritter to assist in the trial of the case as local counsel and agreed to pay him $200 at attorney fee. On that date the defendant appeared in person and by his counsel, Mr. Ritter, for arraignment, and on the same day Mr. Ritter filed an application for continuance on the ground that the principal counsel, Mr. Grayson, was a member of the Legislature and that the Legislature was then in session, which motion was overruled.

June 4, 1953, trial date. Defendant appeared in person and by Mr. Ritter. Mr. Ritter formally withdrew as attorney for the defendant due to the fact that he had not been paid, and the court thereupon appointed him to represent the defendant at the expense of the county and directed the Clerk to issue a voucher in the amount of $100 to Ritter. Mr. Ritter then filed a motion for a continuance on the ground that he had not had time to prepare a defense in the case which motion was overruled, and the cause proceeded to trial.

This court will take judicial notice that the Oklahoma Legislature in 1953 convened on January 6, 1953, and adjourned on June 6, 1953.

This court has had occasion to consider the statute herein involved in many cases. The statute provides in part:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within thirty (30) days after an adjournment of a session of the Legislature, such fact shall constitute cause for continuance of the case, and all motions, demurrers and preliminary matters to be heard by the court, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right." 12 O.S. 1951 § 667.

In construing and applying this statute, it has been held that where an attorney is employed before the Legislature convenes and the case is called for trial during the session while counsel is in attendance thereon, the defendant is entitled to a continuance as a matter of right. Greer v. State, 73 Okl.Cr. 345, 121 P.2d 329; Gilroy v. State, 64 Okl.Cr. 332, 80 P.2d 602; Duncan v. State, 89 Okl.Cr. 325, 207 P.2d 324. But where the accused employs an attorney who is a member of the Legislature to represent him in a case which employment occurs after the Legislature has convened, and the defendant had stood charged with the crime before the convening of the Legislature, the question of a continuance is addressed to the discretion of the court and the accused is not entitled to a continuance as a matter of right. Key v. State, 69 Okl.Cr. 71, 100 P.2d 291; Jackson v. State, 77 Okl.Cr. 160, 140 P.2d 606; Holloway v. State, 37 Okl.Cr. 24, 255 P. 1022. If the accused is first charged with a criminal offense while the Legislature is in session, he may employ a member of the Legislature as his counsel, thereby entitling him to a continuance of the trial of the case as a matter of right under the statute, for the reason that a member of the Legislature has the right to contract for any business during a session of the Legislature and the statute protects the attorney in his business while serving the State in the Legislature by preventing the trials of cases in accordance with the terms of the statute. However, where he has other counsel to represent him, a different situation is presented. In Key v. State, supra [69 Okl. Cr. 71, 100 P.2d 293], this court stated:

"To allow a defendant, who has able and competent counsel already employed to represent him, to procure a continuance of a case merely by employing a member of the Legislature would give every defendant charged with crime the right to continue his case during a session of the Legislature. No doubt this would be contrary to the spirit and letter of this act."

At the time the motion for continuance was presented, the trial court made this observation:

"All right, let the record show that Robert Gardner appeared on preliminary examination, and that he had employed Sam Moore and Mr. Guy Sigler. That between the preliminary and the arraignment day, May 29th, Mr. Guy Sigler died. And that on arraignment day the defendant appeared and made the statement that he had employed Mr. Frank Grayson, who is in the Legislature, and that he had also employed Mr. Gene T. Ritter of this City as co-counsel, and agreed to pay the sum of $200.00. That the defendant applied for a continuance on the ground that Mr. Grayson was in the Legislature and that because of the fact that defendant had co-counsel in Ardmore, and had employed the same, the Court overruled his motion for a continuance, and announced to him that his case was set for trial Thursday, June 4th. That the defendant came down for trial on June 4th, and announced that he still wanted Mr. Grayson here, that he had employed Mr. Gene Ritter, but had been unable to raise the $200.00, which he promised to pay him, and further applied for a continuance of the case. Which motion for a continuance was overruled by the Court and the defendant informed that if he could not pay the counsel that he had already hired, some time in the past, the local counsel, Mr. Gene Ritter, that the Court would appoint him to represent him and pay him out of the Court funds. * * *"

It is significant to note that Mr. Grayson never appeared as counsel for the accused before any court and does not appear as his counsel before this court, but his sole representative before this court was Mr. Ritter who represented the accused at his trial. After the motion for a continuance on the ground that the principal counsel for the accused was a member of the Legislature had been overruled, Mr. Ritter as counsel for the accused orally asked for a continuance of the case on the ground that he had not had adequate time to prepare for trial, which motion was also overruled.

We believe that under the record as presented to us, both of these motions were addressed to the sound discretion of the trial court and that his action thereon should be sustained in the absence of any showing of an abuse of discretion. We can find no such abuse of discretion. The record merely presents the case of a burglar being caught in the commission of a burglary. He had no defense. If the case had been continued for many sessions of court, the accused evidently would still have had no defense to the charge. Although his wife testified that he had been drinking intoxicating liquor at the time she last saw him, all of the officers who observed him at the time of his arrest testified that he did not appear to be under the influence of intoxicating liquor. The defendant was caught in the commission of a crime, has been given a fair trial, the punishment imposed was light considering the seriousness of the offense and it would be a travesty on justice to send the case back for another trial under the record as brought to us.

Counsel for the accused presented other assignments of error in his brief which we have carefully considered and find them wholly without substantial merit. They are not of sufficient merit to require discussion in this opinion. The judgment and sentence of the District Court of Carter County is affirmed.

POWELL, P. J., and BRETT, J., concur.