## BURT ET AL. VS. WILLIAMS.

So much of the act, approved 1st December, 1862, as provides " that all suits at law or equity now pending, or hereafter to be commenced in any of the courts of this state, shall be continued until after the ratification of peace between the United States and the Confederate States," is unconstitutional—the continuance of criminal suits, directed by the act, being in violation of the constitutional right of the accused to a speedy trial, (*Cons. art. II, sec.* 11.) and the continuance of all civil suits being in violation of the constitution (*Ib. sec.* 18.) prohibiting the passage of any law impairing the obligation of contracts.

Granting a continuance is exclusively a judicial act, and is not a proper subject or legitimate use of legislative authority.

*Appeal from Hempstead Circuit Court.*

HON. LEN. B. GREEN, Circuit Judge.

WILLIAMS & EAKIN for appellants.

JENNINGS, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

In an act of the general assembly approved 1st December, 1862, entitled " an act to prevent the issuance of executions, it is also enacted, " that all suits at law or equity now pending or hereafter to be commenced in any of the courts of this state, shall be continued until after the ratification of peace between the United States and the Confederate States."

The constitutionality of this enactment is the matter presented for the consideration of the court in this case.

The terms of the law, " all suits in law or equity now pending, or hereafter to be commenced in any of the courts of this state," include every conceivable controversy that parties have brought or shall bring into courts of justice, " until after the ratification of peace between the United States and the Confederate States." Thus, not only are the ordinary actions founded upon contracts broken, and wrongs committed to which persons in life are parties, to be continued, but the same disposition is to be made of all criminal prosecutions promoted by the state, of all contested claims against the estates of deceased persons, of every matter of difference that has been, or may be, brought into any court for judicial adjustment.

Our system of laws and of government has ever been supposed to make it proper and necessary, that justice should be offered to contending parties at places conveniently situated to them, and at times frequently recurring; and as mediums for the prompt and convenient dispensation of justice, courts of different grades and jurisdictions have been constituted, and have been required to be held at stated times and places. But the law under consideration has its foundation in another policy. By it, courts are

not to be places where justice is judicially administered, but where it shall be denied by being deferred to an uncertain time. Although it were incredible to suppose that such was the intention of the general assembly, the manifest effect of this enactment will be, that during the existence of the present war, and beyond the cessation of hostilities, "until after the ratification of peace between the United States and the Confederate States," all of the courts of the state will be shut against any enquiry into the breach of contracts, will not afford any redress to injuries sustained by its citizens, or by persons within its limits, will not attempt to inflict punishment for crimes, or to ascertain if any crimes have been committed, though complaints thereof shall have been made according to law.

If the law be constitutional, it must be observed, regardless of the consequences; if it be unconstitutional, it must be so declared.

Persons that are held to answer criminal charges made by presentment or indictment, have a constitutional right to a speedy trial. *Constitution, art. II. sec.* 11; and this right being disregarded by the law under consideration, the law cannot be enforced in cases of this sort.

Section 18, of the same article of the constitution prohibits the passage of any law that impairs the obligation of contracts, and it is well settled that any law which destroys the remedy for enforcing a contract, or so obstructs the remedy as to make the contract valueless, or greatly lessen its value, impairs its obligation. A right without a remedy to declare it, is not a valuable right: a contract that cannot be enforced has no legal obligation; and one that was enforcible by law when made, but which cannot be compelled to be performed, by the law for its performance being repealed, or being so changed or clogged as materially to diminish its worth, has suffered from unconstitutional legislation. Under the operation of the law we are now considering, every remedy to secure the performance of a contract is taken away until the happening of an event which may never happen; and

as to all contracts made before the passage of the act, the act is unconstitutional, and therefore void.

It may further be enquired whether the law is valid to require the continuance of any suit in any court of the state. And this it is not, if, instead of being an act of legislative authority, it is an exercise of judicial power.

Granting a continuance is either an exercise of judicial discretion upon particular facts, or an application of legal rules to them, the facts being ascertained by the court, and the discretion used, or application of law made by the court; and in either case is exclusively a judicial act. A legislative act is an annunciation by the legislative authority that certain results shall follow particular actions or conditions; but the ascertainment of the act or condition and the application of the consequences belong to the courts.

But by this law, the general assembly, from the fact of war existing between the United States and the Confederate States, has directed that all suits in law and equity in any of the courts of the state shall be continued till the war is ended, till the hostile nations have made a peace, till a treaty of peace shall be ratified. No fact is to be ascertained by the courts, no application of legal principle is to be made to the fact that the legislature has ascertained, but the courts, as registers of the legislative will, are to record its edict, closing indefinitely the temple of justice to all its suitors.

This is not the manner in which courts exercise judicial functions, is not a proper subject, or legitimate use of legislative authority, inasmuch as the powers of the government of this state are divided by the constitution into distinct departments, each of which is confided to a separate magistracy : the legislative powers to the general assembly, the judicial powers to the judiciary. *Constitution, art. III.*

Doubtless, the general assembly conceived that the general interest of the state would be promoted by the continuance of all civil cases till the war was ended, and till peace was made and

ratified by treaty, taking heed to the necessities and ease of defendants, but disregarding the rights of plaintiffs to have payment of debts, performance of contracts, and redress for wrongs done to them. If it were competent for the legislative authority to do this, no examination of the correctness of their basis of action would be proper in this court, for the will of the legislative authority is a sufficient, and the only reason for the exercise of its constitutional power. But when, as in this instance, a law is enacted which passes over the limit assigned to the legislative department by the constitution, it becomes the duty of this court so to declare, and thus to restrain an unconstitutional exercise of power. And especially is this so, when, in the confusion of war, in the excitements produced by sympathy with the wants and distresses of particular classes of the people, the rights of others and the well being of the whole society are likely to be endangered and to be sacrificed. In orderly and peaceful times the state might better trust to laws without constitutional safeguards; but in periods of turbulence, when passion and feeling usurp dominion over reason, infractions upon the constitution should be closely watched, must be firmly restrained. This important, but disagreeable duty is, by our organic law, entrusted to this court in the last resort, and its responsibility must not be avoided when the constitution requires it to be exercised, any more than it should not be assumed without constitutional warrant.

We cannot but think that the comprehensive terms of the law were inadvertently made to cover suits at law in criminal cases.

Circuit courts will, doubtless, in view of the obstacles which the times offer to the progress of judicial business, exercise a liberal discretion in preserving the rights of litigants.

This case was an action of debt brought in the circuit court of Hempstead county. The defendants moved for a continuance upon the law under consideration, which the court refused and gave final judgment, no other question being presented to the court.

The judgment is affirmed.