## CHARLES G. WICKER *et al.*

*v.*

## CHARLES W. BOYNTON *et al.*

CONTINUANCE—*party absent as a member of the legislature.* Where a continuance is sought on the ground of the absence of a party then in attendance upon the General Assembly, as a member thereof, it is sufficient for the affidavit to state that the attendance of such party in court is necessary to a fair and proper trial. The statute does not require that it shall so appear by affidavit setting out the circumstances and facts.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. McDAID, WILSON & PICHER, for the appellants.

Messrs. MILLER & FROST, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action brought by appellees against appellants. The trial occurred at the January term of the court, 1874, and the verdict and judgment went for plaintiffs, and the defendants appeal to this court.

A few days before the trial a motion was made, in behalf of defendants, for a continuance. The motion was founded upon the affidavit of Joel W. Wicker, in which he stated positively, that he was one of the defendants, and that Charles G. Wicker was also a defendant, and was at that time a member of the legislature, then in session, and was actually in attendance upon the session of the legislature, at Springfield, Illinois, and that "the presence of said Charles G. Wicker is necessary upon the trial of said case, in order that there be a fair trial thereof;" and that affiant believed that defendants could not safely go to trial while said Charles G. Wicker was absent. The court overruled the motion, and defendants excepted. The trial proceeded in the absence of Charles G. Wicker, and the verdict and judgment against appellants was for $1573.10

The court erred in overruling the motion. The affidavit complies strictly with the requirements of the statute. It is contended that the affidavit was defective because it fails to state particularly the facts, that the court could judge whether the presence of Charles G. Wicker at the trial was or was not necessary to a fair trial.

The statute does not, by express words or by necessary, or even reasonable implication, require that the facts should be stated in detail in the affidavit, and we know of no rule of the common law which requires this to be done.

At common law, where a defendant applied for a postponement of the trial on account of the absence of a witness, nothing more was, in general, required on this point, than that defendant should state in his affidavit that the absent witness "is a material witness for defendant at the trial in this action." Tidd's Practice, 772, and authorities there cited. It is true that when defendant, having had one postponement, applied for a second, or where there was any cause of suspicion, the court would inquire into the circumstances, and would not grant the postponement of the trial unless satisfied, from the circumstances, that the absentee was a material witness. *Day* v. *Sansom*, 2 Barnes' Notes, 353. Upon the first application, where no cause of suspicion is shown, the general words, " that A B is a material witness for defendant," was held sufficient on that point; and this because it thereby " appeared to the court, by affidavit," that the witness was material.

The language of the statute under which this application was made, so far as this point is involved, is: "If it shall appear to the court, by affidavit, that    *    *    the attendance of such party in court is necessary to a fair and proper trial." The statute does not require that it shall so appear by affidavit setting out the circumstances, and that his presence is necessary.

The common law in relation to the absence of a material witness, was changed in this State as early as 1827, and ever since that time the statute has expressly required the affidavit,

in such cases, to set forth the facts to be proved by the witness, not for the purpose of enabling the court to judge of the materiality of the testimony, but for the purpose of enabling the plaintiff to avoid the delay if he chooses, by admitting the proofs sought, as though the witness were present. True, when these facts are thus set out, and it appears to the court that the proposed testimony is not material, the application is refused. In motions for continuance on account of an absent witness, the affidavit is held insufficient, unless it sets forth the particular facts to be proven; and this because the statute expressly requires this to be done. R. S. 1874, p. 780, chap. 110, sec. 43.

It was held in *Duncan, Sherman & Co.* v. *Niles*, 32 Ill. 541, that to support a motion for continuance upon the ground of the absence of defendant in the military service of the United States, under the statute of May 3, 1861, the affidavit must set out the facts, so the court could judge of the necessity of defendant's presence at the trial; and this because that statute required that "it shall be *shown to the satisfaction of the court*, that defendant's presence is necessary," etc. This language of that statute necessarily implied that the court was to judge of the necessity, and should not rely merely upon an affidavit stating generally the belief of the affiant.

Since that decision the legislature has changed the provision on that subject, and the statute now provides that the continuance in the case of absence in the army shall be allowed, "where it appears to the court, by affidavit," that defendant's presence is necessary. It must be assumed that this change in the language of the statute was made with a purpose, and no other purpose is perceived, save to deprive the court of the discretion which was accorded to it by the act of May 3, 1861. See R. S. 1874, page 780, sec. 46.

The affidavit in this case was a full compliance with the statute, and there is no good reason found in the record why the continuance was not allowed. To this effect is the decision of this court in *St. Louis and Southeastern Railway Co.* v. *Teters*, 68 Ill. 144.

It was error to deny the continuance. For this the judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*