## VAUGHN v. HARP.

1. PRACTICE IN SUPREME COURT: *When statute requires written opinions.*

   Section 888 of the Code of Civil Practice, which provides that the Supreme Court "must deliver written opinions, in all cases involving a principle of law not previously settled by the court and reported," repeals so much of the Revised Statutes (*Mansf. Dig., sec. 1318*) as requires every opinion to be reduced to writing.

2. SAME: *Legislative power as to written opinions.*

   The Legislature has no authority, under the Constitution, to require the Supreme Court to give the reasons of its decisions in writing.

APPEAL from *Pulaski* Circuit Court.

F. T. VAUGHAN, Judge.

1. PRACTICE IN SUPREME COURT: When written opinions required.

BATTLE, J. During the present term of this court the judgment in this action was affirmed without a written opinion setting forth the reasons of the court for so doing being filed. The appellant now says the court erred in so doing, and for

that and other reasons moves the court for a reconsideration; and in support of his motion cites sections 1318 and 1321 of Mansfield's Digest, which provides that "every opinion of the Supreme Court shall be reduced to writing," and that "it shall be the duty of the Supreme Court to adjudicate and decide all points presented in error that legitimately arise in the case, notwithstanding that some one or more points less than the whole may be sufficient to determine the case."

The sections cited by appellant are taken from the Revised Statutes of this State. Since their enactment, the Code of Civil Practice has been enacted, which provides that this "court must deliver written opinions in all cases involving a principle of law not previously settled" by the court and reported." This repeals so much of the Revised Statutes as requires every opinion of this court to be reduced to writing and makes it unnecessary to reduce to writing any opinion not required by the Code to be in writing. *Code of Civil Practice, sec. 888.*

But a more important question arises. The judiciary and legislative are co-ordinate departments of the State government. Each, in the line of its duties, is independent of the other. This being true, has the Legislature authority to require this court to give the reasons of its decisions in writing? Mr. Justice FIELD, in delivering the opinion of the court in *Houston v. Williams, 13 Cal., 25,* so fully and satisfactorily expresses our view upon this question that we quote at length what he says upon the subject. In speaking for the court he says: "If the power of the Legislature to prescribe the mode and manner in which the judiciary shall discharge their official duties be once recognized, there will be no limit to the dependence of the latter. If the Legislature can require the reasons of our decisions to be stated in writing, it can forbid their statement in writing, and enforce their oral announcement, or prescribe the paper upon which they shall be written and the ink which shall be used. And yet no sane man will

11

Vaughn v. Harp.

justify any such absurd pretension; but where is the limit to this power if its exercise in any particular be admitted?

The truth is, no such power can exist in the legislative department, or be sanctioned by any court which has the least respect for its own dignity and independence. In its own sphere of duties, this court cannot be trammeled by any legislative restrictions. Its constitutional duty is discharged by the rendition of decisions. The Legislature can no more require this court to state the reasons of its decisions, than this court can require, for the validity of the statutes, that the Legislature shall accompany them with the reasons for their enactment. The principles of law settled are to be extracted from the records of the cases in which the decisions are rendered. The reports are full of adjudged cases, in which opinions were never delivered. The facts are stated by the Reporter, with the points arising thereon, and are followed by the judgments rendered, and yet no one ever doubted that the courts, in the instances mentioned, were discharging their entire constitutional obligations. (See, by way of illustration, cases in *1 Day's Conn. Reports; in 1 Brokenbrough's Va. Cases; and in 4 Harris & McHenry's Maryland Reports.*)

The practice of giving the reasons in writing for judgments, has grown into use in modern times. Formerly, the reasons, if any were given, were generally stated orally by the judges, and taken down by the reporters in short hand. (*1 Blackstone, 71.*) In the judicial records of the King's Courts, "the reasons or causes of the judgment," says Lord Coke, "are not expressed, for wise and learned men do, before they judge, labor to reach to the depths of all the reasons of the case in question, but in their judgments express not any; and, in truth, if judges should set down the reasons and causes of their judgments within every record, that immense labor should withdraw them from the necessary services of the commonwealth, and their records should grow to be like

Vaughn v. Harp.

*Elephantini Libri, of infinite length, and, in mine opinion, lose somewhat of their present authority and reverence;* and this is worthy for learned and grave men to imitate." *Coke's Reports, part 3, pref. 5.*

The opinions of the judges, setting forth the reasons for their judgments, are, of course, of great importance in the information they impart as to the principles of law which govern the court, and should guide litigants; and right-minded judges, in important cases—when the pressure of other business will permit—will give such opinions. It is not every case, however, which will justify the expenditure of time necessary to write an opinion. Many cases involve no new principles, and are appealed only for delay. It can serve no purpose of public good to repeat elementary principles of law which have never been questioned for centuries. The court must therefore exercise its own discretion as to the necessity of giving an opinion upon pronouncing judgment, and, if one is given, whether it shall be orally or in writing. In the exercise of that discretion, the authority of the court is absolute. The legislative department is incompetent to touch it." *Hawkins v. Governor, 1 Ark., 570; Speight v. People, 87 Ill., 595.*

2. SAME: Legislative power as to written opinions.

In his motion for reconsideration the appellant fails to call our attention to a single fact or principle of law which we have not carefully considered. We see no reason for changing our opinion, and the motion will be denied.