(No. 17660.—Judgment affirmed.)
BENNETT J. C. JOHNSON *et al.* Appellees, *vs.* PETER D.
THEODORON, Appellant.

*Opinion filed February 16, 1927.*

1. PRACTICE—*when affidavit for continuance under section 66 of Practice act is insufficient.*  An attorney asking for a continuance under section 66 of the Practice act on the ground that he is attending the General Assembly must state in his affidavit all the facts showing the necessity of his presence for a fair and proper trial of the suit, and the mere statement that his attendance as attorney for his client in the cause is necessary to a fair and proper trial is not sufficient, as it is for the court to determine from the facts stated in the affidavit whether the attorney's presence is necessary.  (*Wicker* v. *Boynton,* 83 Ill. 545, overruled.)

2. SAME—*purpose of statute for continuance where party or attorney is member of General Assembly.*  The provision of section 66 of the Practice act allowing a continuance of a cause until after the close of the session of the General Assembly where the presence of a member of the assembly is necessary to a fair and proper trial of the suit is intended to prevent a miscarriage of justice, and it is not intended as a sword to be used to delay the administration of justice.

3. CONSTITUTIONAL LAW—*a statute cannot direct what order shall be entered in a cause.*  The legislature does not have power to declare what shall be conclusive evidence of a fact nor can it say that a court is bound to act in accordance with the opinion of a party to a suit or of his attorney expressed in the form of an affidavit, as such a statute would have the effect of directing what order shall be entered in a cause, which is solely a judicial function and does not belong to the legislature.

APPEAL from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding.

WEBSTER, HOLMES & HOLMGREN, (DANIEL WEBSTER, and ELMER M. HOLMGREN, of counsel,) for appellant.

LEESMAN & ROEMER, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment entered in the superior court of Cook county in favor of appellees, Bennett J. C. Johnson and Ellis A. W. Johnson, against appellant, Peter D. Theodoron, in an action of assumpsit brought by appellees against appellant for damages alleged to have been suffered by appellees for failure on the part of appellant to perform an option for the sale of real estate. The declaration in the action was filed June 22, 1923, and the appearance of Peter D. Theodoron, and Webster, Holmes & Holmgren as attorneys for appellant, was filed July 2, 1923. Issue was joined and the cause was placed on the trial call for November 28, 1924. It was held on the call until January 5, 1925, when one of the attorneys for appellant appeared in court and stated that Daniel Webster, another of appellant's attorneys, was a member of the General Assembly and was attending the sessions in Springfield except on Mondays and Fridays, and asked that the case be specially set at the head of the call for any Monday or Friday. In accordance with this request the court set the case specially at the head of the call for Friday, January 16, 1925, and thereafter, at the request of one of the attorneys for appellant, the case was specially set at the head of the call on three subsequent Fridays, the last setting being March 13. When the case was called for trial on that day one of the attorneys for appellant filed the following affidavit:

"Daniel Webster, being first duly sworn on oath, deposes and says that he is an attorney at law duly admitted to practice before the courts of this State, is a member of the firm of Webster, Holmes & Holmgren, and is a member of the senate of the 54th General Assembly of the State of Illinois, having been elected from the 25th senatorial district of Illinois; that said General Assembly is now in actual session, having begun on the 7th day of January, A. D. 1925, and will be in session until on or about the 30th day of June, A. D. 1925.

"Affiant further states that prior to the filing of said suit, and at the time of the filing of said suit, this affiant was employed by the defendant, Peter D. Theodoron, as his attorney, and that this affiant has continually been the attorney for the defendant in this cause.

"Affiant further states that said suit is a suit at law pending before this honorable court, which is a court of this State.

"Affiant further states that he is in actual attendance on the sessions of the said 54th General Assembly, and that his attendance as attorney for the defendant in the above entitled cause is necessary to a fair and proper trial of same.

"Affiant further states that by virtue of the statute in such case made and provided, the above entitled cause should be continued until ten days after the adjournment of the 54th General Assembly, which adjournment will take place on or about the 30th day of June, A. D. 1925.

"Affiant further states that he is now in actual attendance upon the sessions of the 54th General Assembly of Illinois.

"Further affiant sayeth not.

DANIEL WEBSTER."

The court refused to continue the case until ten days after the adjournment of the 54th General Assembly and re-set the case at the head of the call for Monday, April 6, 1925. Friday, April 10, 1925, the case was called for trial. Elmer M. Leesman was in court for appellees and Elmer N. Holmgren was there for appellant. The motion for continuance until after the adjournment of the General Assembly was renewed and again denied. The court directed the attorneys to proceed with the trial and ordered the jury impaneled. Holmgren objected to the court proceeding on the ground that it was without jurisdiction to try the cause, and refused to participate in the trial except to object to the swearing of each witness and to move the striking of

324—35

the testimony of each witness. Evidence was introduced on behalf of appellees and the jury returned a verdict fixing their damages at $3180. A motion for a new trial and one in arrest of judgment were overruled and judgment was entered on the verdict. This appeal followed.

Section 66 of the Practice act provides: "In all suits or proceedings, either civil or criminal, at law or in equity, pending in any court of this State at any time when the General Assembly is in session, it shall be a sufficient cause for a continuance if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney, solicitor or counsel of such party, is a member of either house of the General Assembly, and in actual attendance on the sessions of the same, and that the attendance of such party, attorney, solicitor or counsel, in court, is necessary to a fair and proper trial of such suit; and, on the filing of such affidavit, the court shall continue such suit; and when so continued, no trial or other proceedings shall be had therein until the adjournment of the General Assembly, nor within ten days thereafter. Such affidavit shall be sufficient if made at any time during the session of the General Assembly, showing at the time of making the same, such party, attorney, solicitor or counsel is in actual attendance upon such session of the General Assembly." Section 67 provides that the foregoing section shall not apply to cases where the attorney was not employed in the case prior to the opening of the session of the General Assembly.

Appellant seeks to reverse the judgment on the ground that the court was without jurisdiction to enter any order at the time of his motion for continuance except an order continuing the cause until ten days after the adjournment of the 54th General Assembly. Appellees contend that the judgment should be affirmed because (1) the attorneys for appellant waived the benefit of the statute by repeatedly asking for a special setting of the case on days when Senator Webster was not attending the sessions of the General

Assembly; (2) the affidavit filed does not conform to the statute; and (3) the statute is void for the reason that it is an attempt by the legislature to usurp powers of the judicial department of the government.

Whether the attendance in court of a particular attorney for a party to a pending suit is necessary to a fair and proper trial of such suit is a judicial question, to be determined by the court in which an application for continuance is made under the provisions of section 66 of the Practice act. The testimony on which the court acts must be reduced to writing and verified by affidavit. At common law attendance on the sessions of a legislative body was not a cause for a continuance which a court was bound to recognize, and so to justify a continuance under this section of the statute it must be made to appear by affidavit that all the conditions named in the statute exist. Where a statute requires that a certain conclusion shall be made to appear as a ground of proceeding by a court, the facts from which that conclusion follows must be proven to the court by documentary evidence or testimony under oath. The court must be placed in a position where it can exercise its own judgment and not be compelled to accept the opinion of the affiant. (*People* v. *Elias,* 316 Ill. 376; *Williams* v. *Baker,* 67 id. 238; *Booth* v. *Cook,* 20 id. 129; *State* v. *District Court,* 59 Mont. 600.) In construing this statute a contrary holding was made in *Wicker* v. *Boynton,* 83 Ill. 545, where it was held that the statute does not require that the affiant shall state the facts showing the necessity of the attorney's presence for a fair and proper trial of the suit. This construction of the statute would render it unconstitutional. The legislature does not have the power to declare what shall be conclusive evidence of a fact, (*Shellabarger Elevator Co.* v. *Illinois Central Railroad Co.* 278 Ill. 333; *People* v. *Rose,* 207 id. 352; *Missouri, Kansas and Texas Railway Co.* v. *Simonson,* 64 Kan. 802, 57 L. R. A. 765,) nor can it say that a court is bound to

act in accordance with the opinion of a party to a suit, or of his attorney, expressed in the form of an affidavit. It is not within the power of the legislature to exclude from the courts that which proves the truth of the case nor to compel them to receive that which is false in character. It cannot direct what orders shall be entered by the court in pending actions. It may enact statutes which affect pending actions, but the application of the statute to a particular case is a judicial function, and the determination of what order shall be entered in such a case is the exercise of judicial power, which does not belong to the legislature. (*Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90; *People* v. *Madison,* 280 id. 96; *Rockhold* v. *Canton Masonic Mutual Benevolent Society,* 129 id. 440.) The right of the legislature to establish by general law a cause for continuance has been recognized since the establishment of our State government, but it is for the court to determine from the evidence before it whether the cause exists in a particular case.

The affidavit filed by Senator Webster does not show that he is the only attorney employed to represent appellant. or that he has made special preparation to defend this particular action. For aught that appears in the affidavit, Senator Webster may have law partners or there may be associate counsel who are as well, or better, prepared to serve appellant. Before the court could judicially determine whether the presence in court of Senator Webster was necessary for fair and proper trial the affidavit must state the facts and not the mere conclusion of the affiant. The statute upon which appellant relies is intended as a shield to prevent a miscarriage of justice where a member of the General Assembly, whose presence is necessary to a fair and proper trial of a suit, is in actual attendance on the sessions of the same and unable to attend court without neglecting his public duties. It is not intended as a sword to be used to delay the administration of justice. It

does not appear from the affidavit filed that the presence of Senator Webster was necessary to a fair and proper trial of the action brought against appellant, and the court did not abuse its discretion in denying a further continuance of the case.

The judgment of the superior court is affirmed.

*Judgment affirmed.*