Roy Lee BOOZE, Petitioner,

v.

DISTRICT COURT OF LINCOLN COUNTY, Oklahoma, and Don E. Powers, District Judge, Respondent.

No. A–13027.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1961.

Bill Haworth, Muskogee, for petitioner.

Joseph Young, Jr., William A. Vassar, Chandler, for respondent.

BUSSEY, Judge.

The petitioner, Roy Lee Booze, was charged by information in the District Court of Lincoln County with the offense of burglary in the second degree after former conviction of a felony. He was arraigned in District Court before the Honorable Don Powers, District Judge of said county on the 2nd day of March, 1961. At the time of his arraignment he appeared in person and by his attorney, Carroll Samara. After the defendant's preliminary motion to quash, motion to suppress the evidence, and demurrer were overruled, he entered a plea of not guilty. Bond was fixed in the amount of $5,000, and the case was set for trial on March 20, 1961.

On the 17th of March, 1961, Representative Bill Haworth filed a motion for continuance under the provisions of 12 O.S. § 667. On the 21st of March, 1961, after a hearing was had the motion for continuance was denied. The court thereupon directed Representative Bill Haworth to impanel the jury. After the selection of the jury the case was recessed until March 22, 1961.

On March 22, petitioner filed in this court an application for a writ of prohibition directing that the Honorable Don Powers, stay the proceedings in the cause there pending against the petitioner, asserting as his grounds for relief that his attorney, Representative Bill Haworth, was a member of the Oklahoma House of Representatives then in session, and that the court was without jurisdiction to entertain further proceedings in the cause there pending until 30 days after the adjournment of the Oklahoma Legislature.

This court issued an order staying the proceedings and discharging the jury in the above cause until a determination be made of the petitioner's right to the relief prayed for. On May 3, 1961, the matter came on for oral argument and was submitted on argument and briefs of petitioner and respondent. Thereafter on August 23, 1961, petitioner filed a motion to dismiss, urging among other things that the question had become moot. The respondent filed a response to the motion to dismiss urging this court to pass upon the merits of the issue

herein raised. We have carefully considered the briefs of the parties and are of the opinion that petitioner's motion to dismiss should be denied. We believe that the courts of the state and the members of our legislative branch of government are entitled to know whether title 12 section 667 as amended by House Bill 903, duly enacted by the 1955 legislature is constitutional.

In overruling petitioner's motion for continuance the trial court acted in direct defiance of the express provisions of title 12 section 667 as amended, which provides:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within thirty (30) days after an adjournment of a session of the Legislature, such fact shall constitute cause for continuance of the case, *and it is mandatory that the court shall grant such continuance upon motion whether such attorney may have been employed before or during the session of the Legislature, and the court shall have no power to exercise its discretion as to the granting of such continuance,* and all motions, demurrers and preliminary matters to be heard by the court, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right * * *."

It is the respondent's contention that this attempt by the legislature to deprive the courts of their discretionary power to grant or deny a continuance is in derogation of the doctrine of separation of powers and in violation of Article IV, section I of the Oklahoma Constitution, which reads:

"The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

The precise question here involved has never been adjudicated by the courts of this state, and in order to determine this issue we must of necessity consider the interpretation placed upon similar statutes by our sister states.

The most recent decision involving this question may be found in McConnell v. State, 1957, 227 Ark. 988, 302 S.W. 2d 805, 807, wherein Justice George Rose Smith speaking for the court stated that:

"By its explicit language Act 293 undertakes to compel every court, within the specified period surrounding each legislative session, to grant a continuance whenever it is requested by a member or employee of the General Assembly. By the terms of the act the courts have no discretion in the matter; the sole power of decision rests with the member or employee of the legislature. The question is whether the General Assembly can, consistently with the separation of governmental powers, take from the courts the power to decide what is essentially a judicial question.

"It must of course be conceded that the legislative branch of the government does not have unlimited authority over the judiciary, for the constitutional separation of powers would then be a mere fiction. * * * The General Assembly cannot assume the exclusive power of determining whether a continuance should be granted in a judicial proceeding. Burt v. Williams, 24 Ark. 91. There a statute requiring that all cases be continued until the ratification of peace between the United States and the Confederate States was held to be an unconstitutional attempt by the legislature to exercise judicial power. From the opinion: 'Granting a continuance is either an exercise of judicial discretion upon particular facts, or an application of

legal rules to them, the facts being ascertained by the court, and the discretion used, or application of law made by the court; and in either case is exclusively a judicial act. A legislative act is an annunciation by the legislative authority that certain results shall follow particular actions or conditions; but the ascertainment of the act or condition and the application of the consequences belong to the courts.'

* * *

"These sections clearly go beyond the needs of the situation and in fact transfer the control of judicial dockets from the courts to any attorney who is a member, clerk, sergeant-at-arms, or doorkeeper of the General Assembly. A case may be supposed in which litigation of great consequence had been set for trial, with the court postponing other matters to leave several days open for the hearing. Jurors and witnesses might have been summoned at substantial expense to the public and to the parties. The case might present questions of public interest that should be settled as quickly as possible. Despite these considerations, under Act 293 the proceedings could be halted at any stage upon the arbitrary demand of any attorney having the required connection with the General Assembly. And this would be true even though that attorney had been employed only for delay, had no knowledge of the case, and was not expected to take part in the trial.

"Statutes providing for continuances to accommodate lawyers serving in the legislature have been upheld in other states, but we know of no decision sustaining legislation as extreme as Sections 2 and 3 of Act 293. To the contrary, when it has been suggested that such an act should be construed to deprive the courts of any discretion in the matter, the opinions have pointed out that such an interpretation would render the act unconstitutional."

Also 12 Am.Jur., Continuances, § 5, p. 450, states that, "The fundamental principle running throughout the subject of continuances is that the granting or refusal of a continuance rests in the discretion of the court to which the application is made." See also Johnson v. Theodoron, 324 Ill. 543, 155 N.E. 481; Kyger v. Koerper, 355 Mo. 772, 207 S.W.2d 46; 2 Bancroft's Code Practice and Remedies § 1058, p. 1511.

■ Prior to the amendment of 12 O.S. § 667 by the 1955 legislature the courts of Oklahoma have a long line of decisions holding that it is a settled rule of law that an application for a continuance is addressed to the sole discretion of the trial court. McMahan v. Norick, 12 Okl. 125, 69 P. 1047; Gilroy v. State, 64 Okl.Cr. 332, 80 P.2d 602; Duncan v. State, 89 Okl.Cr. 325, 207 P.2d 324; Gardner v. State, Okl.Cr., 273 P.2d 455, and cases cited therein.

■ We are of the opinion that 12 O.S. § 667 as amended by House Bill 903, in so far as it attempts to deprive the courts of the power to determine whether a continuance be granted or denied, is an attempt by the legislature to destroy the principle of separation of powers, is an encroachment upon the powers of the courts of this state and thus violates Article IV section I of the Oklahoma Constitution. We hold that the District Court of Lincoln County acted in the exercise of a discretionary power and that the writ of prohibition should be denied.

■■ In making this determination we are not unmindful of the great service rendered our state by members of the legislature, trained and experienced in the law. When it appears that an attorney who is employed in good faith either before or after the commencement of the legislative term has applied for a continuance by reason of the legislature being in session and such employment and notice thereof is communicated to the trial court without unreasonable delay the courts of our state should not arbitrarily or capriciously deny the mo-

tion for continuance, but should grant it. However, when the evidence establishes that a motion for continuance is solely for the purpose of delay and not made in good faith, it should be denied. While prohibition cannot be invoked in instances where the trial court acts capriciously in denying the application for continuance, this court will reverse a conviction where it appears that the trial court's ruling was an abuse of discretion.

For the reasons hereinabove set forth the application for writ of prohibition is denied.

NIX, P. J., and BRETT, J., concur.