Mose McGHEE, Petitioner,

v.

Howard MOORE et al., Respondents.

Supreme Court of Tennessee.

April 12, 1976.

I. H. Murphy, Memphis, for petitioner.

J. P. Matthews, Somerville, Hulon O. Warlick, Memphis, for respondents; Gianotti, Warlick, & Bartusch, Memphis, of counsel.

OPINION

HARBISON, Justice.

Petitioner sought review of a final judgment of the Chancery Court of Fayette County, Tennessee by petition for certiorari and supersedeas to the Court of Appeals, Western Section.

In an opinion filed on September 23, 1975 that court denied the petition. The single assignment of error upon which the petition was based in that court, as in this, was to the effect that the trial court had abused its discretion in refusing to grant a stay or continuance of a hearing on a post-trial motion and of all other proceedings in the action.

The case had been tried on its merits, and final judgment entered against the petitioner. A timely motion for post-trial relief had been filed, and this was set for hearing on March 22, 1975. Counsel for petitioner, however, on March 19, 1975, filed a motion to stay "all proceedings in this cause" until

the adjournment of the then current session of the General Assembly, upon the ground that he was a member thereof and that its date of adjournment was then unknown. The motion stated that:

"If the present proceedings are allowed to continue the Petitioner who is the solicitor of record for the Defendant and Cross-Plaintiff would be required to be absent from legislative meetings and further be unable to perform his legislative responsibilities."

Despite the filing of this motion, however, it affirmatively appears from the briefs filed that counsel for the petitioner did appear on March 22, 1975, and did present and argue his motion, which was overruled.

Only the technical record accompanied the petition for certiorari to the Court of Appeals and to this Court. There are no affidavits or evidentiary matter of any kind accompanying the petition, so that certain factual statements made by counsel for the petitioner in his brief cannot be considered. These are to the effect that he was never furnished a copy of the decree of the trial court, entered pursuant to the aforesaid hearing, and had no notice of any proceedings taken in the case thereafter. The record shows, however, that a decree was entered pursuant to the March 22 hearing, appointing a receiver to rent or lease the land which was the subject of the suit, for the crop year 1975, said rent to be held pending further orders of the court. The decree further states:

"3. That Defendant and Cross-Plaintiff's Motion for a stay of proceedings is sustained for a period of ten (10) days from the date hereof for the purpose of taking a discretionary appeal from the ruling of this Court upon said Motions."

Counsel does not deny that he was aware of this action of the trial judge, but nevertheless did not perfect the appeal which was allowed, or take any further action in the cause, insofar as the record discloses.

The original suit had been for specific performance, and this relief had been granted by the trial court in its final decree. When no appeal of any sort was perfected from the order overruling the motion for a new trial, a writ of possession in favor of the original complainants was issued on April 28, 1975. Although not in the record, we are advised that on April 25, 1975, the Clerk and Master, as Special Commissioner, executed a deed to the complainants, pursuant to the final decree of the trial court.

Not until May 7, 1975 was any action taken by counsel for the petitioner. At that time he filed a petition for certiorari and supersedeas in the Court of Appeals, alleging as error the action of the trial court in not staying all further proceedings in accordance with his motion of March 19, 1975.

The Court of Appeals found the petition to be without merit, but in the course of its opinion held that T.C.A. § 20–1106[1] was unconstitutional, representing an impermissible encroachment upon judicial power by the General Assembly.

■ In our view of the record, the constitutional issue need never have been reached. Despite his application for a postponement of all further proceedings, counsel for the petitioner did appear and argue his post-trial motion, without success. His motion for further suspension of the proceedings was granted to the limited extent quoted above, and he was allowed a period of time to seek a "discretionary" appeal before the Master's deed was executed and the writ of possession issued. Not having

---

1. "20–1106. *Member of general assembly as attorney, party, or witness in case.*—Any court, constituted under the laws of Tennessee, any administrative board or commission or other agency authorized to conduct hearings shall grant a continuance or postponement of the proceedings, at any stage of the action, if it is shown that an attorney, party, or material witness is a member of the general assembly, and if the proceeding should continue the attorney, party or material witness would be required to be absent during all or part of the legislative session or to be absent from a meeting of a legislative committee of which he is a member."

availed himself of this special permission from the court, counsel still had available the regular methods of seeking appellate review as provided by law, including the suspension of the final judgment by the filing of a proper appeal bond and, if necessary, special protective orders from the appellate courts pursuant to Rule 62 of the Tennessee Rules of Civil Procedure.

Having availed himself of none of these, counsel is simply not in a position now to assign error on the action of the trial court in not granting his motion.

In the state of the record, as previously indicated, we do not think that it was necessary for the Court of Appeals to reach or pass upon any issue as to the validity of T.C.A. § 20–1106, and we accordingly reverse and vacate so much of its opinion as deals with that subject.

■ We would point out, however, that whether that statute be valid or invalid, trial courts have customarily in this state liberally granted continuances to litigants, witnesses or counsel who are members of the General Assembly and who are required to appear before the courts in judicial proceedings. This is approved practice, and such continuances should ordinarily be granted, absent exigent or extraordinary circumstances.

In the present case, however, the application came after trial and final judgment. There was actually nothing more to "stay" in the trial court, after the post-trial motion was ruled upon. It was then incumbent upon petitioner to take the necessary steps to seek appellate review, if he desired to do so. Other than granting the maximum time allowed by statute for filing an appeal bond and bill of exceptions, there was nothing the trial judge could do to "stay" the matter, and no application was made to him to do these things insofar as the record shows. A "discretionary appeal" after final judgment would hardly have lain, even had there been a proper certification of an issue as required by T.C.A. § 27–305.

The judgment of the Court of Appeals is modified in accordance with this opinion, and, as modified, affirmed. The petition for certiorari is denied. Costs of the petition in this Court will be taxed to the petitioner, and all other costs will be taxed as ordered by the Court of Appeals.

FONES, C. J., and COOPER, BROCK and HENRY, JJ., concur.