**Harry F. ECOFF, Sr., Plaintiff-Appellee,**

v.

**Ira H. MURPHY and Rubye J. Murphy, Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section.

Dec. 15, 1982.

Rehearing Denied Feb. 16, 1983.

Permission to Appeal Denied by Supreme Court May 31, 1983.

John M. Moore, Memphis, for defendants-appellants.

Ira H. Murphy, Memphis, pro se.

HIGHERS, Judge.

The fundamental issue presented here for review is whether the Chancellor erred in refusing to grant the motion of appellants, Ira H. Murphy and Rubye J. Murphy, for continuance in the trial of this cause.

I.

This case was filed on February 25, 1977, by Harry F. Ecoff, Sr., plaintiff, against the appellants and certain other defendants who are not parties to this appeal. Service of process was made upon appellants on March 4, 1977. On April 1, 1977, appellants filed a motion seeking an extension of thirty days in which to answer the complaint upon the grounds that the appellant-attorney Ira H. Murphy, was "unable to answer the complaint because of his responsibilities and duties as a member of the 90th General Assembly of the State of Tennessee." No

order granting the extension appears in the record, but an answer was not filed at that time or within the thirty-day period sought as an extension.

Finally, on January 19, 1978, the plaintiff moved for a default judgment against the appellants for their failure to answer. Thereafter, on February 1, 1978, an answer and counter-claim on behalf of appellants was filed by their attorney. The answer to the counter-claim was filed on December 19, 1979, and the case was first set for trial on January 21, 1981. At the request of the appellant, Ira H. Murphy, the case was continued to March 2, 1981, and then to March 30, 1981, due to appellant's service in the legislature.

The following recital of events appears in the order of judgment signed and entered by the Chancellor:

It further appears to the Court that notice was first issued from the Clerk's office on August 4, 1980, advising all parties that this cause was set for trial at 10:00 a.m. on Wednesday, January 21, 1981; that, at the request of the defendant, Ira H. Murphy, this cause was continued to March 2, 1981, and again, at the request of the defendant, Ira H. Murphy, same was continued for trial to the morning of March 30, 1981; that, on each of the first two settings, the defendant, Ira H. Murphy, along with his counsel, James E. Swearengen, first appeared in this Court to apply for continuances on the morning of the trial; that the Court on both occasions reluctantly indulged Mr. Murphy in two continuances, over the objection of opposing counsel and notwithstanding the fact that the plaintiff had traveled to Memphis from Jonesboro, Arkansas and was ready for trial; that the final date set for the trial of this case on March 30, 1981, was the result of agreement between counsel for plaintiff, the defendant himself, Ira H. Murphy, and counsel for remaining defendants; that, notwithstanding this, on Thursday, March 26, 1981, attorney James E. Swear-

engen appeared before this court seeking yet another continuance on his own behalf only, alleging Federal Court conflicts involving his own personal case, which this Court determined was not in conflict and therefore denied said application; that, on the basis of legislative interference, which was first raised by formal motion filed on March 27, 1981 and, again, not formally made until the morning of trial on March 30, 1981, the defendant, Ira H. Murphy, moved for a continuance in his own behalf; that considering the foregoing, and the fact that once again, the plaintiff had journeyed from Jonesboro, Arkansas, and was present and announced ready for trial, this cause should not be continued and said motion should be, and is hereby denied.

The Chancellor allowed appellants' attorney, James E. Swearengen, to withdraw on the date of trial without objection by the appellants, denied all motions for continuance, and proceeded to trial on the merits in the case which resulted in a judgment for the plaintiff and counter-defendant. The appellants subsequently filed a motion for new trial which was overruled.

## II.

The sole authority relied upon by the appellants is the legislative privilege set forth in T.C.A. 20–7–106, which provides:

Upon the motion of a member of the general assembly qualified to make such motion under the provisions of this section, or his attorney or representative, any court, constituted under the laws of Tennessee ... shall grant a continuance or postponement of the proceedings, at any stage of the action, if it is shown that an attorney, party or material witness is a member of the general assembly and that:

(1) the general assembly is in annual regular session or special session, or

(2) the attorney, party or material witness would be required to be absent from

any meeting of a legislative committee while the general assembly is not in session if a continuance is not granted.

The validity of similar statutes has been tested in several states with varying results. See *Booze v. District Court of Lincoln County,* 365 P.2d 589 (Okl.Cr.1961); *McConnell v. State,* 227 Ark. 988, 302 S.W.2d 805 (1957); *A.B.C. Business Forms, Inc. v. Spaet,* 201 So.2d 890 (Fla.1967); *Williams v. Bordon's, Inc.,* 274 S.C. 275, 262 S.E.2d 881 (1980); *Government Services Ins. Underwriters v. Jones,* 368 S.W.2d 560 (Tex.1963); also, annotation in *49 A.L.R.2d 1073* and Later Case Service. In *McGhee v. Moore,* 537 S.W.2d 697 (Tenn.1976), our Supreme Court vacated a holding by the Court of Appeals that the act was unconstitutional. The Supreme Court held that it was unnecessary to reach the constitutional issue. The Court stated: "We would point out, however, that whether that statute be valid or invalid, trial courts have customarily in this state liberally granted continuances to litigants, witnesses or counsel who are members of the General Assembly and who are required to appear before the courts in judicial proceedings. This is approved practice, and such continuances should ordinarily be granted, absent exigent or extraordinary circumstances." 537 S.W.2d 697 at 699.

The statutory privilege is not self-effectuating. It must be properly raised by the one who relies upon it, and one must establish that he qualifies under the terms and conditions that are set forth in the statute itself. It must be shown that the one affected is a member of the general assembly *and* that the general assembly is in session *or* that if not in session, the member would nevertheless be required to be absent from any meeting of a legislative committee if the continuance is not granted. The statute is not applicable unless these criteria are met, and the burden is upon the one claiming the benefit under the statute to bring himself within its terms.

In this case the appellant filed his written motion on Friday, March 27, 1981, but apparently did not appear before the trial court in support of the motion until Monday, March 30, 1981, which was the morning of the trial. No transcript of the proceedings has been filed and we are limited to a consideration of the grounds set forth in the written motion. The appellant stated "that he is a member of Legislature and is unable to try this case in one day and that he needs a continuance." This language clearly falls short of the statutory minimum which would be necessary to bring the appellant within the terms of T.C.A. 20–7–106.

It is not alleged that the legislature is in session or that the failure to grant a continuance would affect attendance at any legislative committee meeting. In fact, the language in the motion that the case could not be completed in one day seems to suggest that the legislative session did not commence until the following day. Where the allegations of the motion are insufficient to bring the matter under the statutory rule, the decision to grant or refuse a continuance falls within the discretion of the trial court which this Court will not disturb except in a clear case of the abuse of that discretion.

The appellants also moved for a continuance on the basis that their attorney was allowed to withdraw due to the fact that he had a personal case pending in the United States District Court. The record reveals, however, that the case was not set for trial until March 31, 1981, and that this was merely a tentative date subject to the availability of all counsel. Further, the attorney for appellants was allowed to withdraw on the scheduled trial date, and the order recites that "defendant does not object." The defendant-appellant cannot now be heard to object to this action of the Chancellor when he raised no objection at the time the action was taken.

It should further be noted that the Chancellor found that the final trial date was set by agreement with the appellant. We believe it is essential for the legislative and

judicial branches of our state to cooperate, as observed by our Supreme Court in *McGhee v. Moore, supra,* and particularly in those areas that serve the public good such as liberal continuances by the courts to allow regular attendance of members at legislative sessions; but all such activities must be exercised in good faith so as not to promote unnecessary delay or to interfere with substantial rights of citizens who seek recourse in the courts.

We find no abuse of discretion by the Chancellor in the facts and circumstances of this case. The judgment of the trial court is affirmed, and costs are assessed against the appellants.

TOMLIN and CRAWFORD, JJ., concur.