The Honorable Steve Bell State Senator 500 East Main, Suite 208 Batesville, AR 72503
Dear Senator Bell:
This is in response to your request for an opinion relating to the Town of Sulphur Rock's new sanitary sewer system. In correspondence attached to your request, Mr. Gary Vinson, who represents the Town of Sulphur Rock, explained that the town has installed a new sanitary sewer system, and has passed an ordinance requiring all customers of any water supplier serving the town and whose property is located within 300 feet of the system to connect to the system. Mr. Vinson further explained that the town would like to impose a $5.00 per day penalty upon persons who fail to connect to the system, as well as a flat monthly charge of $13.90. On behalf of Mr. Vinson, you have posed the following specific questions:
 1. Can the Town of Sulphur Rock force those persons who refuse to connect to connect and, if so, how?
 2. Can the town impose the penalty of $5.00 per day for failing to hook up to the system and, if so, how?
 3. Can the town validly impose the flat rate charge of $13.90 per month upon users who fail to hook up to the system and, if so, how can they collect?
In response to the first question, it is my opinion that the town can force persons to connect to the new sanitary system A.C.A. §§ 14-235-302
and -303 provide authority for such action. First, § 14-235-302
authorizes municipal boards of health to order persons to connect to the system. (This authority is limited by A.C.A. § 14-235-304, which restricts the applicability of such orders to persons whose property is located within 300 feet of the system.) Section 14-235-303 then addresses the question of how to force such person to connect. It authorizes the municipality to enter the property in question and to carry out any construction necessary to effectuate connection to the system. The cost of any such construction becomes a lien on the property. The municipal board of health is further authorized to sue to enforce the lien.
In response to your second and third questions, it is my opinion that the town may not validly impose either the $5.00 per day penalty or the $13.90 flat monthly rate upon persons who fail to connect to the new system. A.C.A. § 14-235-301 makes failure to connect a state crime and prescribes a range of penalties for violation. These penalties may be imposed only after conviction under due process of law. Moreover, authority to impose the specific penalty is given to the court.
There are therefore at least three legal problems with the town's establishment of its own set of penalties for failure to connect.
First, the town's penalties are potentially contrary to or limiting of state law. A.C.A. § 14-42-307 states:
 (a)(1) Each municipality operating under a charter shall have the authority to exercise all powers relating to municipal affairs.
 (2) This grant of authority shall not be deemed to limit or restrict the powers of the General Assembly in matters of state affairs. . . .
* * *
 (b)(3) No municipality shall pass any laws contrary to the criminal laws of the State of Arkansas.
Because the town's penalties are potentially either contrary to or limiting of those prescribed by the General Assembly, the act of establishing those penalties is a violation of A.C.A. § 14-42-307.
Second, assuming that the town proposes to impose the penalties without a court proceeding, the town's act of establishing separate penalties circumvents the requirements of the constitutional principle of due process of law. It is well-established law that due process requires, at minimum, notice and a fair hearing. See, e.g., Post v. Harper,980 F.2d 491 (8th Cir. 1992); Fireman's Ins. Co. v. Arkansas State ClaimsComm'n, 301 Ark. 451, 784 S.W.2d 771 (1990). The automatic imposition of the town's penalties without notice, a fair hearing, or even a conviction, therefore violates this constitutional principle.
Third, the town's act of establishing separate penalties violates the separation of powers doctrine. A.C.A. § 14-235-301 places the authority for imposing penalties for failure to connect wholly within the province of the court, i.e., the judicial branch of government. For the municipality to perform that function would constitute an encroachment by a legislative or executive body into the realm reserved to the judiciary. McConnell v. State, 227 Ark. 988, 302 S.W.2d 805 (1957). The Arkansas courts have traditionally accorded a heightened protection to the barrier surrounding the judicial department. See Spradlin v. ArkansasEthics Comm'n, 314 Ark. 108, 115, 858 S.W.2d 684, 687 (1993).
It is therefore my opinion that the Town of Sulphur Rock may force persons whose property is located within 300 feet of the new sanitary sewer system to connect to the system, and that state law prescribes both a method of forcing such connection and a penalty for failure to do so. Because of the existence of the statutory procedures for dealing with a failure to connect, as well as penalties for such a violation, it is my opinion that the town's separate penalties for failure to connect are unlawful.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh